### T. N. BEMUS v. ELLA B. BEMUS.

Decided November 30, 1910.

**1.—Parent and Child—Duty of Parent to Support—Power of Courts.**

It is not a correct proposition that the property of a husband can only be charged with a trust for the support and education of his minor children in a divorce proceeding and as part of a decree of divorce.   The power of the courts to enforce the parents' obligation for the support of the children is not lost by the failure of either of the parties to a divorce suit to invoke the exercise of the power in behalf of the children.

### 2.—Same—Homestead Charged with Trust.

The homestead of a divorced husband who has married again, as well as his other property, may be charged with a trust for the support and education of his minor children when the establishment of such trust does not interfere with the homestead use of the property. And the courts have power to establish such trust in a proceeding subsequent to and separate from the suit for divorce.

### 3.—Same—Custody of Children by Mother—Duty of Father to Support.

The mere fact that the custody of their minor children was awarded to a divorced mother in a judicial proceeding, would not devolve the duty of their entire support upon her, nor relieve the father from the legal obligation to support them.

### 4.—Same—Appointment of Trustee.

Where the circumstances make it proper to provide for the maintenance of the minor children of divorced parents, a District Court has power, in a proceeding subsequent to the divorce, to appoint a trustee for the property of the father and to decree that out of the revenue therefrom the trustee should pay to the wife, to whom the custody of the children has been awarded, a fixed amount per month for the maintenance of the children; especially is this remedy proper when the decree provides that it shall be kept open for such future order as the court may from time to time deem proper to make.

Error from the District Court of Harris County. Tried below before Hon. Charles E. Ashe.

*Guynes & Colgin,* for plaintiff in error.

*John B. Warren,* for defendant in error.—The District Court had the power or jurisdiction to determine to whom the said children should be awarded, and to provide for their support and maintenance out of the rents derived from a part of the property of the father or mother, or both. Fitts v. Fitts, 14 Texas, 444; Trimble v. Trimble, 15 Texas, 19; Rice v. Rice, 21 Texas, 58; Simons v. Simons, 13 Texas, 474; Pape v. Pape, 13 Texas Civ. App., 99; Bond v. Bond, 41 Texas Civ. App., 129; ex parte Ellis, 40 S. W., 275; ex parte Gerrish, 57 S. W., 1123; Legate v. Legate, 87 Texas, 248; State v. Deaton, 93 Texas, 244; Wier v. Marley, 99 Mo., 484, 12 S. W., 798; Ligon v. Ligon, 87 S. W., 838; Boyd v. Boyd, 54 S. W., 380; Schultze v. Schultze, 66 S. W., 56; De Fee v. De Fee, 51 S. W., 274.

The children in a suit like this are entitled to support and maintenance out of their father's property, notwithstanding their father and mother are divorced, especially so when the father, who brought the suit for divorce, did not ask for the custody of said children or ask that they be provided for out of the property of the parties to such suit, and no such decree was made in such divorce suit. Ligon v. Ligon (Texas), 87 S. W., 838; Sipple v. Laclede, etc. (Mo.), 102 S. W., 612; 2 Bish. Mar., Div. & Sep., secs. 1220, 1223; 29 Cyc., p. 1606; Alvey v. Hartwig (Md.), 67 Atl., 132, 11 L. R. A. (N. S.), 678.

JAMES, CHIEF JUSTICE.—Plaintiff in error brought this habeas corpus suit in the District Court of Harris County, where the defendant

had her residence, against his former wife, for the custody of their children, two boys aged 9 and 8 years and two girls aged 7 and 4 years respectively.

The parties became separated in July, 1904, and in October, 1904, the husband obtained a decree of divorce in Waller County, without any disposition concerning the children or the property, no such matters being presented. At the time of the separation the wife took with her the children. The court found that relator drove her from home without cause. In the fall of 1905 plaintiff in error visited respondent in Columbus for the sole purpose of adjusting the rights to the community property, and a written contract was then entered into between them concerning the community property and the children, by the terms of which plaintiff in error was to give respondent $250 in cash as a settlement with her of the right in the community, and to pay her $15 per month thereafter until October, 1911, the same to be used for the support and maintenance of the children; it being agreed that the respondent was to "have the possession, custody, maintenance and education of the children and shall support, care for and maintain them as they should be, but the first party shall have the right to visit said children at reasonable times and to have them visit him occasionally, provided he pays all expenses of said visits, and will not retain but see that said children are returned to second party within three days," etc.

This proceeding was brought by relator May 25, 1909, for a writ of habeas corpus, alleging that he is the father of the children, that they are unlawfully restrained of their liberty by respondent, that applicant is the proper and a suitable person to have the care, custody and training of the children, that he is able and anxious to do so, that respondent is their mother, is legally divorced at the instance of applicant, is unable to control them, permitting them and forcing them because of financial circumstances and erroneous ideas as to their welfare, to spend much of their time on the streets of Houston with children and boys of vicious character, often late at night; that said children do not attend school except as they are disposed to do so, and are growing up without proper control, and are held by their mother against their consent and their well being and contrary to law.

Upon a full hearing, the court determined that it was to the best interest of the children that they remain in the custody of the mother.

The respondent's answer, among other things, stated that the agreement was procured by appellant's threats of taking the children from her, and by arguments and persuasion; that the main consideration and reason for her executing the said contract was that by its terms she was to get the possession and control of her children, whom relator was threatening to take from her; that the community property was worth at least $8000 and relator took advantage of her destitute condition while she was weak and in no condition, mentally and physically, to look after her rights, and by this and threats induced her to make the contract; and if she had known that the contract was not binding as to the custody of the children, she would never have consented to

give up her property rights for that consideration; that if the contract is not binding upon her in that respect, she is entitled to have it rescinded and to have an accounting, and that a sufficient amount of the property should be set aside to respondent for the benefit of the children in order that they may be raised and educated as they should be, and insure respondent and the children a support; that if the said community property can not be given to the respondent, then that it should be by this court placed in the hands of a trustee for the benefit of the children, and that if this can not be done, that the court allow her a fixed sum monthly for their support with a lien therefor on the community property, and that $40 per month is a reasonable allowance for their support and maintenance. She also alleged that relator had breached the contract by refusing to make payments as agreed thereon on May 1, 1909, and since.

Upon this branch of the case the court concluded that the children were entitled to support and education out of the property of the relator, whether the same be separate or community; that the court has power to place same in the hands of a trustee in order that the children may get a support and education, empowering the trustee to collect the rents therefrom and pay same over to Mrs. Bemus for their support and education, "the said children and said trustee to be under the power and jurisdiction of this court; and that relator having invoked the power of this court, it has authority to make such orders and enter such decrees as the best interests and welfare of the children demand, enforcing the same through property of relator or respondent or both." The court concluded further, as appears from the decree and the judge's findings, that relator is the owner of lots No. 9 and 10 in block 30 in the town of Brookshire in Waller County of the value of $3000, subject to a charge of community improvements and purchase money paid thereon, during the marriage relation between these parties, in the sum of about $1500 or $1800, unless the agreement referred to discharged such indebtedness, which matter the court refused to pass on because deemed immaterial in the disposition of the case; that said lots constitute the only real property of relator except a block No. 45 in Brookshire, which is unproductive of revenue and mortgaged to full value, and that he has little, if any, personal property, and that $30 per month is a reasonable sum for the support and education of the children, wherefore it was decreed that the mother should be entrusted with the care, custody and education of the children, with the right in relator to visit them at all reasonable times or to have them visit him at all reasonable times, and during their' summer vacations he may have said children for 30 days, he to pay the expense of such visits; that a trust in said lots 9 and 10 be created for the use and benefit of the children in and to the rents to accrue from the improvements thereon now being rented, towit: the store house and telephone booth, and also in and to the ground rent of said lots rented to a bank, said trust to continue as to each of the children until they marry or become of lawful age; appointing R. E. Hanney trustee without compensation (he so agreeing)

to collect the rents and to have charge and control of said rented premises, and from the rents to pay first the reasonable expense in collecting and receiving the rents, second, $30 per month to Mrs. Bemus for the support, etc., of the children; and, third, the balance to relator; and requiring bond of the trustee and annual accounts; enjoining relator from interfering with the trustee, and providing that for the purpose of enforcing and adjusting matters pertaining to the trust, this decree be kept open for further orders as the court may be advised to make, as likewise the decree concerning the disposition of the children.

*Opinion.*—The assignments of error one to six, inclusive, and assignments eleven to sixteen, inclusive, are directed to alleged errors in the findings of the judge in reference to issue of custody of the children. We conclude from the evidence that it was sufficient to warrant the disposition made by the judge. In cases of this kind, as in other cases, his conclusion governs the appellate court in mere questions of fact. The law commits to the district judge a sound discretion in the adjudication of such matters, and it is only when it clearly appears that he has abused the discretion, that we should interpose and substitute other conclusions for his. There was evidence to support the general conclusion formed by the court, and which is the predominating one, embodied in the following findings:

"No. 12a. The court is of the opinion that because of the tender age of these children that it is to their best interest that they remain in the custody of their mother, and that the influence that she now has over them should not be broken and destroyed by taking them away from their natural mother and placing them where the ties of blood do not bind.

"No. 13. That the home of the relator, because of the local environments and the constituents of his family, is not the most suitable place for the said children, and it is not to their interest that they be taken away from their mother and given to relator to be raised and educated at Brookshire at the home of relator.

"No. 14. That it is to the best interest of the said children, and their morals can and will be better cared for at the home of respondent's father, where she has taken up her abode; that the environments of the said home are better for the said children, in the opinion of the court, taking everything into consideration, than the environments at the home of the relator."

Said assignments are therefore overruled.

The seventh assignment is that the court erred in failing to conclude as a matter of law that, inasmuch as relator is a man of good moral, practical and industrious habits, and offers the children a home and is ready, able and willing to support and educate them if he be given their custody, that none of his property can be placed in the hands of a trustee for their support and education.

The eighth is that, upon these facts, the court failed to hold that he is not liable for their maintenance and support while they remain in the custody of their mother; the ninth is that the court erred in failing

to hold as a matter of law that it had no authority to decree that a trustee be appointed over relator's property and pay over to Mrs. Bemus for the children's support and maintenance, a certain fixed specified sum per month. The tenth is that the court erred in finding as a fact that the interests of the children and society require that a trust be created in the rents and revenue of lots 9 and 10 for the support and education of said children, the same to be so devoted being the rent of the telephone booth and the store building; and that the relator be enjoined from interfering with the trustee in the discharge of his said duties and from disposing of said property or the revenues thereof.

In connection with these assignments various questions are made by appellant. One proposition is that the property of the husband can only be charged with a trust for the support and education of minor children in the divorce proceedings, and as a part of the decree of divorce. We overrule this, and hold that the judicial power of the courts to enforce the parents' obligation for support of the children, is not lost by the failure of parties in a divorce proceeding to invoke, in behalf of the children, the exercise of the power. In this instance, the judgment of divorce was procured by relator in the absence of respondent and upon his pleadings, and he did not in the proceeding inform the court that there were children or property. This forcibly illustrates how unreasonable and unsound is the contention that, except in a divorce proceeding, the children's right to maintenance can not be considered.

Another proposition is that the homestead of a divorced husband who has married again, or any part thereof, can not be charged with a trust for the support and education of his children, save and except in the divorce proceeding and as part of the divorce decree. We overrule this, also, for two reasons, one being the reason given in the foregoing paragraph; and the other, that, in so far as the homestead use made of lots 9 and 10 is concerned, the decree does not interfere with it, and the portions designated for the trust appear to be segregated therefrom and devoted to other uses. In an oral argument, supplemented by a written one, it is claimed that there was testimony that relator's children by a previous marriage had some interest in the lots 9 and 10 and that the trust was improperly granted for that reason. But this matter is not the subject of any assignment of error. On the contrary, the brief asserts throughout that the property was relator's.

Another proposition is that, a divorced wife occupies the same relation to her former husband as a third person, and consequently when she assumes the support and maintenance of their minor children, or is given their custody by the court, the law absolves him from any liability whatever for necessaries furnished them by her or by third persons, and therefore no trust can be engrafted on his property therefor, especially when he is a good, moral man and offers to support them at his own home and to properly raise and educate them.

We overrule this also. We need not consider what merit this proposition would have in cases where the wife, against the wishes of the

husband and without cause, takes away the children. Here the custody was judicially given to the mother, in a contest between him and her. The fact that they were no longer man and wife, and the fact that the children were thus awarded to the mother, did not terminate his liability for their support and maintenance, and impose the obligation exclusively upon her. We need not discuss what his legal attitude on this subject might be if the wife had ample means of her own to fulfill this duty to the children, or the children themselves had an estate sufficient for the purpose. Here both were destitute, save as to what scanty means the mother could earn by her labor. It is our opinion that under the circumstances of this case neither the divorce nor the order adjudicating the custody of the children to the mother, operated to relieve the father from the legal obligation to support them. Eldred v. Eldred, 87 N. W., 340; Liebold v. Liebold, 62 N. E., 627; Ligon v. Ligon, 39 Texas Civ. App., 392 (87 S. W., 838).

Another proposition is that the court had no power to appoint a trustee over relator's property to pay over to Mrs. Bemus for the children's support a certain sum per month; that the court would only be justified, under proper circumstances, to authorize the trustee to turn over such an amount as is necessary for the support and maintenance each month, not to exceed a certain sum; and that the court should have made provision, if circumstances were such as to require relator's property to be charged with a trust for the benefit of the children, of such amount each month, not to exceed a certain sum, as the age and necessities of said children would require in view of the condition in life of relator during the period of this long trust.

Other courts, and this court, have held that it is improper for the court to render a personal judgment against the parent for the support of the children in a proceeding for divorce, and the same rule would seem to apply in the case here. But there is clear authority that the obligation of a parent to the children may properly be enforced through a trust established on the property of the parent, in a divorce proceeding. Trimble v. Trimble, 15 Texas, 19; Rice v. Rice, 21 Texas, 58; Fitts v. Fitts, 14 Texas, 443.

And our opinion is that where neither parent in the divorce case, presents the matter of the custody and maintenance of the children to the court for its action, such failure is not conclusive of the subject, and the matter may subsequently be invoked and adjudicated; and that in a subsequent proceeding between the parents involving the custody of the children, before a court having jurisdiction, both subjects of the custody and the maintenance of the children are within its rightful jurisdiction in like manner and to the same extent as if they had been invoked in the proceedings for divorce. As already stated, the failure of the court to make the adjudication in connection with the divorce, does not put an end to either parent's liability in this respect. The statute, by authorizing such adjudication in a divorce proceeding, does not restrict the judicial power of the courts in respect thereto and make the matter cognizable only in such proceeding. Suppose the

relation had been dissolved by death of the wife, would it be contended that in a proceeding in which the court found it proper to take the custody of the children from the father, that provision for their support from the father's property, could not be made?

It being proper to provide for the maintenance of the children in the present proceeding, the court had power to create a trust in the property of the relator for that purpose. There is no complaint that the sum of $30 per month to be paid over to respondent, is excessive or oppressive. There is in our opinion no force in the point that the monthly sum should not have been fixed by the decree, and that the proper decree was to require the payment by the trustee of a sum per month not to exceed a certain sum. This would have made the trustee the judge of the monthly contributions, and entailed upon the court the labor, monthly perhaps, of passing on the sufficiency or insufficiency of the sum. The sum fixed, as are all other matters embraced in the decree, is subject to modification by the court at all times, and it is manifest that the sum is not immoderate from the standpoint of the wants of the children, nor oppressive on the relator, in view of his circumstances.

The tenth assignment is sufficiently disposed of against appellant by what has already been stated.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.