PLUMMER et al. v. PLUMMER et al.

(Court of Civil Appeals of Texas. Texarkana. Feb. 20, 1913.)

1. DIVORCE (§§ 303, 309*) — CUSTODY AND SUPPORT OF CHILDREN—MODIFICATION OF DECREE.

In divorce cases the jurisdiction of the court over the custody and support of minor children is a continuing one, and the court may modify or alter its order as new issues or changed circumstances require.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 793–795, 803; Dec. Dig. §§ 303, 309.*]

2. DIVORCE (§ 309*) — PROVISION FOR CHILDREN—MODIFICATION.

In granting a wife a divorce, a trust was decreed in land separately owned by the husband for the support and education of her children during their minority. Afterwards the husband conveyed his remaining interest in one-half of the land to children by a former marriage. Held, in trespass to try title by the children of the former marriage against the minor children, that the former cannot complain of a judgment making their title subject to the terms of the divorce decree, on the theory that they will thereby be deprived of possession until the youngest defendant becomes of age, 13 years; the divorce decree being subject to modification on application by plaintiffs as successors to their father's rights, if circumstances warrant modification.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 803; Dec. Dig. § 309.*]

Appeal from District Court, Upshur County; R. W. Simpson, Judge.

Trespass to try title by J. F. Plummer and others against S. E. Plummer and others. From the judgment, plaintiffs appeal. Affirmed.

This is an action in trespass to try title to three adjoining tracts of land consisting, respectively, of 110, 56½, and 4 acres. J. P. Plummer was married three times, and is now 63 years of age. The 110 acres of land was purchased and paid for during the first marriage. His first wife died without issue. In 1882 J. P. Plummer married the second wife, and there were born of this marriage

three children. During the second marriage the tract of 56½ acres and the tract of 4 acres of land were acquired as the separate property of the wife, out of funds of her separate estate, and, further, $100 of the separate funds of the second wife was used in improving the residence on the 110-acre tract whereon they resided as a homestead. The second wife died in 1892. In 1897 J. P. Plummer married the third wife, who is living. There were born of the third marriage three children, who were at the time of the suit aged, respectively, 12, 10, and 8 years. The tract of 110 acres was occupied by Plummer and his third wife and children as a homestead, and $400 of the community funds was used in improving the residence thereon. Mrs. S. E. Plummer, the third wife, brought suit for divorce against J. P. Plummer, her husband, and at the June term, 1911, of the district court was granted a divorce, and the sole custody of the three children of the marriage was awarded her. The decree in the divorce suit further provided, "It is further ordered and decreed by the court that, whereas the management, custody, and control of the said minor children has been decreed to the plaintiff, and the duty of supporting, maintaining, and educating said children will devolve upon the plaintiff, therefore the defendant J. P. Plummer's said interest in the tracts of land, to wit [here follows description of the 110-acre and 4-acre tracts], is here set apart to plaintiff, the said S. E. Plummer, during the minority of said children, and until the youngest of said children shall become 21 years old, or as long as plaintiff shall, during their minority, have their custody and control; it being ordered and decreed that she, the said plaintiff, is to have the full, complete, and exclusive control and management of said premises, and the rents and revenues therefrom, for the purpose of maintaining, supporting, and educating said minor children during their minority, and for said period of time, provided that, if plaintiff shall marry, then her possession and control of said interest in said land shall cease, and defendant may at once repossess himself of said land." Before the date of the decree J. P. Plummer went to live with a son of the second marriage, on the 56½-acre tract. After the decree of divorce, and on April 27, 1912, J. P. Plummer as a gift passed by deed to the children of the second marriage all his rights to the 56½-acre tract and the 4-acre tract, which was their mother's separate property, and the title to the south one-half of the 110 acres, which was his separate property. On April 12, 1912, J. P. Plummer, also as a gift, passed by deed to J. F. Plummer, in trust for the three children of the third marriage, the north one-half of the 110-acre tract. The children of the second marriage brought the suit against the three children of the third marriage and their mother. Judgment was entered in favor of plaintiffs for the title and possession of the 56½-acre tract and the 4-acre tract, and title to the south one-half of the 110 acres. The possession of the entire 110 acres was by the judgment made subject to the terms and conditions specified in the divorce decree.

Warren & Briggs, of Gilmer, for appellants. Mell & Stephens, of Gilmer, for appellees.

LEVY, J. (after stating the facts as above). [1, 2] There is no complaint made of the judgment in the instant case vesting title and possession in appellants under their deed to the 56½ and 4 acre tracts of land. The point made by the assignments is in respect to the use and occupancy of the entire 110-acre tract being made subject to the terms and conditions specified in the divorce decree theretofore rendered. In a suit for divorce between S. E. Plummer and J. P. Plummer the court, in granting the divorce to the wife, awarded the custody of the three minor children of the marriage to the wife, and by an order placed the entire 110 acres of land, the separate property of the husband, in the hands of the wife as trustee for the support and education of the said minors during their minority. Subsequent to the divorce decree J. P. Plummer executed a deed of gift to appellants, who are children of his second marriage, to the south one-half of the 110 acres of land. Appellants claim under this deed. The specific objection made to the judgment in the instant case is that by making appellants' possession and use of their one-half interest in the 110 acres subject to the trust created by the divorce decree it operated to deprive them of their property until the youngest child was 21 years old, which under the evidence would be 13 years, and the judgment to this extent was void. The terms of the judgment do not postpone appellants' possession and use for a fixed time, but make it dependent upon the terms and conditions of the trust created by an order of the court in the divorce case. The general doctrine is that the jurisdiction of the court over the custody and support of minor children in divorce cases where the divorce is granted is a continuing one, and the court may modify or alter its order for custody or maintenance originally made as new issues or the changed circumstances of the parties may arise. Stonehill v. Stonehill, 146 Ind. 445, 45 N. E. 600; Schammel v. Schammel, 105 Cal. 258, 38 Pac. 729; Kendall v. Kendall, 5 Kan. App. 688, 48 Pac. 940; 14 Cyc. 810–13; Speer on Married Women, § 360.

By undertaking to look after the proper and necessary support of the minor children for the time being, the court in legal effect makes the children wards of the court, and the trust estate created to provide the means of the support is to be administered by the trustee appointed for the purpose under the

supervision and protection of the court. The minor children do not acquire by such order any vested interest in the property itself. And it is by reason of the subject-matter that the jurisdiction of the court is a continuing one to provide for the wards and their support, and as a consequence the power exists in the proper proceeding to alter or modify the former order for support. The order creating the trust in the property for the support of the minors not being final in the sense that it could not be changed or modified as causes calling for its change exists; and the court having the power, in a proper application, to modify or alter the trust order as changed conditions of the parties truly exist, then, legally speaking, the instant judgment could only operate to defer possession and use of the property to appellants so long as the present causes requiring the court to administer the trust in the interest of the minors may exist. By direct application to the court made in the divorce order, and by proper notice to the defendants, the appellants, as succeeding to the rights of their father in the property, could establish the existing changes, if any, calling for a modification or abolition of the trust for the support of the minors, and then the order granting the modification or abolition operates to relieve or remove the deferred possession of the instant judgment. So if the court had the power to create the trust in the property, the decree in the instant case could not be said to be void or erroneous. It has been decided in this state that where a divorce has been granted the court has authority, in cases where the circumstances require it, to place the separate property of the husband in the hands of a trustee for the support and education of the minor children of the marriage, provided the title of the owner is not divested. Fitts v. Fitts, 14 Tex. 448; Rice v. Rice, 21 Tex. 58; Pape v. Pape, 13 Tex. Civ. App. 99, 35 S. W. 479; Bemus v. Bemus, 133 S. W. 503. As the court had the power to make provisions for the support of the minor children in the divorce decree, and in view of the power of the court to subsequently modify or alter the order, the entire order should not be held void, we think, because the time the court fixed for the running of the trust in the future might, in that particular respect, be said to be unreasonable and erroneous in the proper attack on such order.

As no further questions are presented, the judgment is affirmed.