## AMERICAN RY. EXPRESS CO. v. KORNBLATT. (No. 6783.)

(Court of Civil Appeals of Texas. San Antonio. June 7, 1922.)

**1. Warehousemen ⟷24(2) — Not liable for damages proximately caused by unprecedented flood.**

An unprecedented flood being an act of God, a warehouseman is not liable for damages therefrom to goods stored, unless negligence in placing the goods in the basement of its building and holding them there proximately caused the damage.

**2. Warehousemen ⟷34(4)—Liability for negligence in holding goods stored until damaged by flood should not have been submitted to jury, being outside issues.**

Where an unprecedented flood caused damage to goods stored in defendant's basement, and no issue was raised as to negligence in holding them in that place until the flood, the question as to negligence in failure to deliver the goods to plaintiff within reasonable time should not have been submitted to, the jury.

**3. Warehousemen ⟷24(2)—Regardless of delay in delivery not liable for damage to goods caused by flood.**

Regardless of delay by a warehouseman in delivery of goods .stored, he is not liable for damage proximately caused by an unprecedented flood, an act of God.

Appeal from Bexar County Court; McCollum Burnett, Special Judge.

Suit by M. Kornblatt against the American Railway Express Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Ball & Seeligson and C. W. Trueheart, all of San Antonio, for appellant.

FLY, C. J. This is a suit for $300 damages alleged to have accrued by the negligent

failure of appellant to deliver to appellee certain clothing, bedclothing, dishes, pillows, mattress, clock, candlesticks, linens, and silver. It was alleged that the silver and linen were lost altogether and were of the value of $70. The other articles, of the value of $230, it was alleged, were delivered in such condition as to be valueless. Appellant answered that the goods were placed in its storehouse in the basement of the building occupied by it, on Commerce street, in the city of San Antonio, and they were damaged, not through its negligence, but through the act of God, as evidenced by the unparalleled flood of September 9, 1921, which inundated the business part of the city and filled appellant's basement with water. The cause was submitted to a jury on special issues, and on their answers judgment was rendered in favor of appellee for the sum of $300.

[1, 2] The jury found that the linens and silver were of the value of $70, and appellant admits its liability for those articles. As to the other property, the evidence is uncontroverted that it was damaged by an unprecedented flood on September 9, 1921. That the flood was an act of God, in legal contemplation, is a matter about which there can be no difference of opinion, and the only ground upon which appellee could possibly recover for the damages to the goods, which were tendered in a worthless state to appellee, is that appellant was guilty of negligence in holding the goods in the basement from August 27, 1921, until September 9, 1921, without notice to appellee. In other words, to recover, it must be held that placing the goods in the basement and holding them until they were flooded was the proximate cause of the damage to the goods. No such issue was raised by the pleading, and the issue as to the negligence of appellant in failing to deliver the goods to appellee within a reasonable time after their arrival should not have been submitted to the jury and could form no basis for a judgment. It was alleged that the goods were to be conveyed to San Antonio, "then held in storage and protected and preserved in good condition by the defendant company until plaintiff should call for the same or have the same delivered to him." The pleadings show that it was contemplated that the goods should be stored, and there is no complaint made in regard to delay in delivery, but as to a failure to properly preserve and care for the goods while stored.

[3] There is nothing to show that the goods were not in good condition in storage until they were ruined or destroyed by the flood. There was no damage from storage or delay in delivery of the goods, and such storage or delay in delivery could not have possibly been the proximate cause of damage to the goods. As a matter of law, the facts showing beyond reasonable doubt that the goods were damaged by an unprecedented flood, which was an act of God, appellant would not be liable for damages, regardless of delay in delivery of the goods. Railway v. Anderson (Tex. Civ. App.) 61 S. W. 424. The flood was the proximate cause of the damage to the goods, the flood was an act of God, and appellant was not liable for the damages caused by it. Hunt v. Railway (Tex. Civ. App.) 74 S. W. 69; Eagle Pass Lumber Co. v. Railway (Tex. Civ. App.) 164 S. W. 402; Wells Fargo Co. v. Porter (Tex. Civ. App.) 202 S. W. 987.

The judgment is reversed, and it is the order of this court that appellee recover only for the sum of $70 for the missing articles, and that he take nothing by his suit for damage to the goods by the flood, and pay all costs of this appeal.

Reversed and rendered.