## KEITH v. KEITH.   (No. 6983.) *

(Court of Civil Appeals of Texas. Austin. June 16, 1926.)

**1. Divorce ⬡⟲303(2).**

Original divorce decree cannot be urged as res judicata to prevent change of custody of child on subsequent change of conditions jeopardizing child's welfare.

**2. Divorce ⬡⟲302.**

Trial court's judgment in divorce action as to conditions and circumstances, is res judicata as to all matters existing at that time concerning welfare of child.

**3. Divorce ⬡⟲303(1).**

Only manner that custody of child awarded in decree of divorce could be changed is by independent suit therefor.

**4. Divorce ⬡⟲303(1).**

Divorce decree awarding custody of child without any restraints or reservations *held* final judgment as respected right to apply subsequently in such suit for change of custody.

**5. Venue ⬡⟲36.**

Application of defendant to divorce action for change of custody of child because of changed conditions *held* in effect an independent suit and subject to plea of privilege.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Divorce action by Margaret Keith against Leonard W. Keith. Judgment for plaintiff, and from an order granting defendant's motion to modify original decree, plaintiff appeals. Reversed with directions.

Chandler & Chandler, of Stephenville, for appellant.

Wilkinson & Wilkinson, of Brownwood, for appellee.

BAUGH, J.   On February 13, 1924, the district court of Brown county, Tex., granted Margaret Keith a divorce from her husband, Leonard W. Keith, and awarded her the custody of their two-year old son, Leonard Keith, Jr.  On January 10, 1925, after two terms of said court had passed, the appellee, who was defendant in the original divorce proceeding, filed in said original cause what he termed a motion asking that the original decree in said cause be modified and changed so that the care, custody, and education of said child be given to the father or grandfather, as the court might determine. This motion or petition alleged as grounds for such change of custody that conditions had materially changed since the original award, and also the unfitness of the mother to retain such custody. Meantime the mother with her child had moved from Brown county to Erath county, where she resided at the time of this suit. The appellee, styling himself as the defendant, caused citation on such pleading to be issued and served on appellant in Erath county, citing her to appear at the next term of the court. She thereupon filed her plea of privilege to be sued in Erath county. This plea was not controverted by appellee. She also filed a plea in abatement in which she urged that the original judgment of divorce and award of the custody of the child was a final judgment; that the term of the court at which it was rendered had expired; and that said decree could not be amended or changed except by an independent suit brought for that purpose. The court overruled both pleas and on June 11, 1925, entered an order in the original case reopening the original judgment and modifying it so as to give the custody of Leonard Keith, Jr., to his grandfather, J. W. Keith. This appeal is from that proceeding.

[1, 2] It seems now well settled that where the custody of a child is awarded to one party and conditions subsequently change so as to jeopardize the welfare of the child, and demand a change of custody, the original proceeding cannot be urged as a bar, or res adjudicata, to prevent a change of custody in a proper proceeding brought for that pur-

---

⬡⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied October 4, 1926.

pose. Pittman v. Byars, 51 Tex. Civ. App. 83, 112 S. W. 106; Gazell v. Garcis (Tex. Civ. App.) 187 S. W. 410; Vickers v. Faubion (Tex. Civ. App.) 224 S. W. 803; Hale v. Berger (Tex. Civ. App.) 242 S. W. 341. The welfare of the child is the matter of paramount concern. And the trial court's judgment, as to conditions and circumstances existing at the time it was entered, is a final judgment and res adjudicata on all such matters then before the court.

The questions remaining then are: (1) Does the trial court have a continuing power or control over its decree awarding custody of a child? (2) Or, does such decree become a final judgment after expiration of the term in which it was entered, and such custody subject to change only under a separate proceeding brought for that purpose? If such jurisdiction is a continuing one, the trial court in the instant case properly overruled appellant's plea of privilege and plea in abatement. If not, then he erred in doing so.

So far as we have been able to find, our Supreme Court has never written upon this subject. The opinions of the Courts of Civil Appeals seem to have caused considerable confusion upon these questions. In the cases of Hall v. Whipple (Tex. Civ. App.) 145 S. W. 308; Plummer v. Plummer (Tex. Civ. App.) 154 S. W. 597; Patton v. Shapiro (Tex. Civ. App.) 154 S. W. 687; and Milner v. Gatlin (Tex. Civ. App.) 211 S. W. 617, it is apparently held that the jurisdiction of the district court in matters of the custody of a child when awarded in divorce proceedings is a continuing one, and its orders subject to alteration by it to meet changed conditions. In the case of Milner v. Gatlin, however, Justice Hodges dissented and writ of error to the Supreme Court was granted. The case was referred to the Commission of Appeals, the majority opinion reversed, and the conclusions reached by Justice Hodges sustained (see 261 S. W. 1003). The pronouncements made in the other cases cited have, we think, been overruled, by the case of Gazell v. Garcia, supra. In that case the custody of Ivy Garcia was awarded in the original divorce suit to Mrs. Frank Gazell by one of the district courts of Bexar county. Subsequently Frank Garcia sought in a habeas corpus proceedings, instituted in another district court in Bexar county, to change the custody of the child on the ground that Mrs. Gazell had violated the conditions on which custody of said child was awarded to her. The original decree was pleaded as res adjudicata in the habeas corpus proceedings. In that opinion, in passing upon the question here raised, the court used the following language:

"We can appreciate the force of the contention that, when the power is expressly vested in a court to change its decree from time to time, the necessary implication is that such decree shall be conclusive until changed in the tribunal which is given the power to change it. But we find no provision in our statute authorizing the court to provide for the support of the children in the divorce decree, and no provision authorizing the court to modify or change its decree from time to time. Our Legislature did not see fit to give the district court such power, and the statute contemplates a judgment in the case which finally disposes of the custody of the children upon the facts before the court—a decree which is conclusive in that court or any other court with regard to the custody as long as the conditions remain unchanged. Our statute provides for the division of the property, and contemplates that a final decree with respect thereto shall be made. The judgment in a divorce suit with respect to division of property and custody of the children is as conclusive under our statute as in any other case, and we find no warrant for the theory that the court exercises a continuing supervision over the children and their custody. It adds nothing to a decree to say that for the time being the custody of the children is awarded to one party, and the court has no power to decree that it reserves to itself the exclusive right to determine in the future whether the custody shall be changed. The custody is conclusively adjudicated upon the facts then existing, and a new suit must be brought in that court or some other court of competent jurisdiction in order to change such custody."

Writ of error was refused by the Supreme Court in that case. The application for the writ in that case has been available to us and we have examined it. The contentions made in said application were that such holding by the San Antonio Court of Civil Appeals was contrary to and in conflict with that of Plummer v. Plummer, supra, and Jordan v. Jordan, 4 Tex. Civ. App. 559, 23 S. W. 531. The further contention was also made that the original judgment in the divorce suit was res adjudicata in a second suit in another court. Whatever, therefore, may have been the holding in the earlier cases cited, we are compelled to the conclusion that the holding announced in Gazell v. Garcia reflects the views of our Supreme Court on this question, and we follow that case.

[3, 4] From this it follows that the only manner in which the custody of Leonard Keith, Jr., could be changed would be by an independent suit brought for that purpose, in which venue must be fixed as in any other civil action. Clearly it must be in the nature of a habeas corpus proceeding, whether so designated or not, and in such case the respondent is entitled to be sued in the county of her residence. Finney v. Walker (Tex. Civ. App.) 144 S. W. 679. The jurisdiction of the district court of Brown county over said child was not a continuing jurisdiction. The original divorce decree and award was absolute on its face without any restraints or reservations. Clearly it was a final judgment under the rule laid down in Gazell v. Garcia, supra.

[5] Though designated as a motion, the appellee's petition or application for a change of custody was in effect an independent suit. It contained sufficient allegations to constitute an independent cause of action, and citation with certified copy of such pleading was served upon appellant as if it were an independent suit. No fraud, accident, or mistake in the original judgment is alleged, and no effort is made to correct or reform it, in any of these respects. The change sought to be made and the relief asked for is based upon an entirely new, distinct, and different state of facts from those upon which the original decree awarding custody to appellant was entered. The so-called motion must be treated as an independent suit, and appellant's plea of privilege, which was not controverted, should have been granted.

This conclusion renders unnecessary a discussion of the other questions raised, as they will not likely occur on another trial.

The judgment of the trial court is therefore reversed, within instructions that appellee's suit as set forth in his purported motion be transferred to the district court of Erath county, Tex.

Reversed with instructions.