## LEWIS v. LEWIS. (No. 403.)

(Court of Civil Appeals of Texas. Waco. Oct. 7, 1926.)

**1. Divorce ⚖⇒311.**

Appointment of trustee over portion of husband's separate estate of $10,000 for support of two minor children, whose custody was given wife in divorce, where wife had no separate property, *held* not error, though wife prayed in her petition for a receiver; term "trustee" in its broad sense including assignees, guardians, and receivers.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trustee.]

**2. Divorce ⚖⇒311—Appointment of trustee for portion of husband's separate $10,000 estate for benefit of two minor children given to wife's custody, wife having no separate estate, held proper (Vernon's Sayles' Ann. Civ. St. 1914, art. 4634).**

In suit by wife for divorce and support of two minor children, where wife had no separate property, *held* it was duty of court to place in hands of trustee portion of husband's separate estate of $10,000 for benefit of children; title to property remaining in defendant, as provided by Vernon's Sayles' Ann. Civ. St. 1914, art. 4634.

**3. Divorce ⚖⇒311.**

Trustee, in whom portion of husband's separate $10,000 estate was placed for support of two minor children awarded to wife's custody, should have been required to execute bond, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2132.

**4. Divorce ⚖⇒312.**

Failure to require bond of trustee for portion of husband's separate estate for children's support *held* not to require reversal, but case should be remanded, with directions to take bond.

Appeal from District Court, Henderson County; Ben F. Dent, Judge.

Action by Edna Lewis against L. H. Lewis. Judgment for plaintiff, and defendant appeals. Affirmed.

H. A. Justice and A. B. Coker, both of Athens, for appellant.

Sam Holland, of Athens, for appellee.

STANFORD, J. Suit by appellee against appellant for divorce upon the ground of cruel treatment, for the custody of their two minor children and division of community property, alleging, further, that there was very little community property; that appellee had no separate estate; that appellant had a separate estate of the value of about $10,000, and asking for a receiver to take possession of appellant's separate property, or a part of same; and that there be paid from said separate estate of appellant $25 per month for the support and education of said minor children, and for general and special relief. The case was tried before the court, without the aid of a jury. The court rendered judgment granting appellee the divorce as prayed for, awarding to her the custody of the two minor children, appointing C. Simmons trustee, and directing him to take charge of 100 acres of land, the separate property of appellant, fully describing same, and directing the said trustee to manage, control, and operate said 100 acres of land, and to set aside the revenue and rents arising from said land to be paid out for the benefit of said minor children, under the order of the court, to the amount of $25 per month. The remainder, if any, is directed to be paid to said appellant. At the request of appellant, the trial court filed findings of fact and conclusions of law. There is no statement of facts in the record, and the court's findings of fact are ample to require the rendition of the judgment that was rendered by the court, and said findings of fact are not questioned by appellant, and the court's conclusions of law are not questioned, except as hereinafter stated.

[1] Under appellant's first assignment, he

contends the court erred in appointing a trustee over a portion of appellant's separate property, because there is no allegation in appellee's petition or in her prayer asking for the appointment of a trustee. The appellee, after alleging the facts that fully warranted placing a portion of appellant's separate estate in the hands of a trustee for the benefit of said minor children, prayed as follows:

"That a receiver be appointed to take charge of defendant's separate estate, or such portion thereof as may be necessary to raise the sum of $25 per month, said sum to be paid over for the support of said minor children, * * * and for general and special relief, both in law and in equity, to which she may in the judgment of the court be justly entitled to."

The terms "receiver" and "trustee," as applied to the duties devolving upon the one appointed under the facts of this case, are very similar. The term "trustee," in its general broad sense, includes assignees, guardians, and receivers. McNeill v. Hagerty, 51 Ohio St. 255, 37 N. E. 526, 23 L. R. A. 628; Cross v. Brown, 19 R. I. 220, 33 A. 147. It was immaterial under the facts of this case, and in view of the duties prescribed by the order of the court making such appointment, whether C. Simmons, the party appointed, was designated a receiver or a trustee, for, whether he be designated the one or the other, he is simply the arm of the court, deriving all his powers from the court, and acting under the direct supervision and control of the court. Appellee pleaded the facts that entitled her minor children to support from their father's separate property, and, among other things, prayed for such relief in law and equity as the court might find she was entitled to. The court had the right, and it was his duty on the facts pleaded and found by the court to be true, to appoint a receiver or trustee as to the court might seem best, regardless of whether appellee prayed for the appointment of the one or the other, and this would be true even if she had failed to ask for the appointment of either. We overrule this assignment.

[2] Under appellant's second assignment, he contends the court had no right to appoint a trustee and place a portion of appellant's separate estate in the hands of such trustee for the purpose of providing for the support and education of his minor children. It has been the settled law in this state for many years that, where a divorce has been granted, the court has the authority, and it is his duty, in cases where the circumstances require it, to place the separate property of the husband in the hands of a trustee for the support and education of the minor children of the marriage, provided only the title of the owner is not divested. Article 4634, Vernon's Sayles' Statutes; Fitts v. Fitts, 14 Tex. 443; Bemus v. Bemus, 63 Tex. Civ. App. 148, 133 S. W. 503; Rice v. Rice, 21 Tex. 58; Plummer v. Plummer (Tex. Civ. App.) 154 S. W. 597; Gulley v. Gulley, 111 Tex. 233, 231 S. W. 97, 15 A. L. R. 564. This assignment is overruled.

[3, 4] Under his third assignment, appellant contends the court had no authority to appoint a trustee to take charge of a portion of appellant's property without bond. It is true the trial court has continuing power over trust estates created for the support of minor children in divorce cases, and could require the trustee to make a new bond or give additional security at any time that it might be deemed advisable. It is also true the amount and sufficiency of such security is a matter within the sound discretion of the trial court under the circumstances of the particular case. In this case the only property placed in the hands of the trustee was 100 acres of land. The rents and revenue are the only funds to be administered by the trustee. The trustee is required to report to the court annually, and to pay out such rents and revenues only upon order of the court. However, as the duties of the trustee in this case are very similar to the duties of a receiver, as above pointed out, and the trustee might very properly have been designated a receiver, and our statutes (article 2132, Vernon's Sayles' Statutes) require a receiver, before taking charge of the property, to execute a bond in such amount as may be designated by the court, we think the court should have required the trustee to execute a bond, and especially is this true in view of the fact that the parties for whose benefit said property is placed in the hands of a trustee are minor children (28 Am. & Eng. Ency. of Law, p. 975). However, the failure to require a bond of the trustee by the court is not ground for reversal of the judgment (Plummer v. Plummer [Tex. Civ. App.] 154 S. W. 597; Speer on Married Women, p. 360); but the trial court is hereby directed, before turning over the property to the trustee, to require of him such bond as the court may think necessary.

Finding no reversible error, the judgment of the trial court is affirmed. The costs of this appeal are taxed against appellant.