## TAYLOR v. TAYLOR et al.

### No. 1057.

Court of Civil Appeals of Texas. Waco.

Sept. 17, 1931.

. H. S. Beard, John B. McNamara, and J. W. Spivey, all of Waco, for plaintiff in error.

Poage & Neff, of Waco, for defendants in error.

ALEXANDER, J.

This was a suit by C. N. Taylor against his older children, W. E. Taylor, Beerman Taylor, and Genevieve Taylor, for a writ of habeas corpus to regain the custody of plaintiff's two minor children, Willard Taylor and Grace Taylor. All of the defendants and the two minor children involved herein are the children of the plaintiff and his first wife. The plaintiff's first wife died in 1928. He remarried in the early part of 1929. After the plaintiff's second marriage, the older children, the defendants herein, withdrew from plaintiff's home and established a home of their own. The two younger children, the minors involved herein, went to live with the older children. In 1929 the plaintiff filed a suit in the Nineteenth district court of McLennan county to restrain the defendants herein from interfering with his custody of the minor children. The defendants herein filed a cross-action in that suit, praying for the custody of the other minors, and upon a trial thereof the minors were awarded to the custody of the older children. There was no appeal from that judgment. In January, 1930, the plaintiff filed this suit in the Seventy-Fourth district court to regain the custody of the minors. Upon a trial of the case before the court the plaintiff was denied a recovery. He has sued out a writ of error to this court.

■ Ordinarily where the custody of minor children is involved, the best interest of the children is the paramount issue. Dunn v. Jackson (Tex. Com. App.) 231 S. W. 351; Legate v. Legate, 87 Tex. 248, 28 S. W. 281; Davis v. Sears (Tex. Com. App.) 35 S.W.(2d) 99, par. 12.

■ The presumption is that the best interest of the children will be subserved by awarding them to the natural parent, but this is a rebuttable presumption, and it is not necessary that the respondents prove that the natural parent is disqualified by immorality or misfortune. Dunn v. Jackson (Tex. Com. App.) 231 S. W. 351.

■■ The question as to which of the two homes will best promote the interest of the minors is a question of fact. The authority and discretion to weigh the testimony and to determine where the best interest of the minors will be subserved is vested in the trial court, and the appellate court should not disturb the judgment of the trial court unless it is so contrary to the great preponderance of the testimony as to reveal an abuse of that discretion. Kendall v. Williams (Tex. Civ. App.) 233 S. W. 296, par. 1; Bemus v. Bemus, 63 Tex. Civ. App. 148, 133 S. W. 503, par. 1; Foster v. Foster (Tex. Civ. App.) 230 S. W. 1064, par. 4; Cecacci v. Martelli (Tex. Civ. App.) 235 S. W. 951, par. 3; Davis v. Sears (Tex. Com. App.) 35 S.W.(2d) 99; Tunnell v. Reeves (Tex. Com. App.) 35 S.W.(2d) 707, par. 6.

■ It appears from the evidence that Genevieve Taylor, one of the defendants herein, is now 22 years of age and is keeping house for her older brothers and the minors involved herein. W. E. Taylor, one of the defendants, is working steady and earning good wages. He enjoys a good reputation. Beerman Taylor is working part time. The defendants are able to provide and have provided a home for the minors. Willard Taylor, one of the minors, is now 17 years of age, and Grace Taylor, the other minor, is now 14 years of age. They have lived with the defendants since February, 1929, and have been well cared for. They enjoy the love and affection of their older brothers and sisters, the defendants herein, and prefer to live with them. They do not love nor respect their stepmother and strenuously object to living in the house with her. They have reached the age where a court order awarding them to the custody of their father would be of little value. The choice of the minors as to where they shall live is not necessarily controlling, but is entitled to be considered by the trial court, especially where the minors have reached the age shown in this case. Dunn v. Jackson (Tex. Com. App.) 231 S. W. 351, par. 3.

■ Without discussing the evidence in detail, it is sufficient to say that there was evidence in the record tending to show that the father was at times cruel to the children. Two trial judges have passed on the facts and in each instance the custody of the minors has been awarded to the defendants. We think the evidence was sufficient to justify the trial court in denying the plaintiff the custody of the minors, and that this court would not be justified in disturbing that judgment.

The judgment of the trial court is therefore affirmed.