## W. KEESEY AND D. MURPHY V. A. V. D. OLD.

### No. 6865.

1. **Practice — Joint Obligors Defendants.** — Where joint obligors are sued, it not appearing that any of the defendants is a principal, it is not error that the plaintiff dismissed one of such defendants after he was served with citation. In this case no objection was taken to the dismissal at the time, nor was it shown that the other defendants were injured by the action of the court.

2. **Admissions of Party.**—The admissions of a plaintiff are competent against him when tending to disprove his case. In this case plaintiff, an attorney, was suing for legal services in having the legality of county bonds tested. The litigation was a matter of general interest, and it was proposed to prove declarations by the plaintiff that he did not expect to be paid for his services. It was error to exclude the testimony.

3. **Burden of Proof — Charge.** — The cause of action alleged was legal services performed by plaintiff at the request, etc., of the defendants. They pleaded general denial. The testimony was conflicting as to the employment by defendants of the plaintiff. *Held*, error to charge the jury that it devolved upon the defendants to prove by preponderance of evidence that they had not employed the plaintiff.

APPEAL from Jeff Davis. Tried below before Hon. WINCHESTER KELSO.

The appellee A. V. D. Old brought this suit in the District Court of Jeff Davis County against E. L. Gage, W. Keesey, Daniel Murphy, and L. B. Caruthers jointly for $2000 (less $205 credits acknowledged), alleged to be due him by defendants on a contract with them for attorney fees. The petition alleges that under the contract plaintiff had to defend any action that might be brought against Caruthers as county treasurer of old Presidio County for refusal to remove his office from Fort Davis to Marfa and refusal to register certain bonds issued by order of the Commissioners Court to build a court house and jail at Marfa, the interest being that of property holders in Fort Davis and taxpayers, who were desirous of having the invalidity of the removal of the county seat from Fort Davis to Marfa established, and of having the invalidity of the bonds adjudged. The fee alleged to have been contracted for was $1500 definite and $500 contingent upon the successful termination of the suit on questions affecting the parties.

Plaintiff alleges that he performed his part of the contract by attending as attorney to a case of the above description brought against Caruthers until final favorable decision of the Supreme Court.

Defendant Gage answered by general denial.

Defendants Keesey and Murphy answered by general denial. They admitted, however, the official capacity of Caruthers and his official duties as set out by plaintiff; that they were in common with other taxpayers interested in having an official adjudication of the illegality of said court house and jail bonds. They admit that plaintiff appeared and defended the suit against Caruthers, but they especially deny their employment of Old. They also plead other special matter not necessary to be noticed here.

Caruthers did not answer, and the record does not show whether he was served or not. Plaintiff dismissed as to him, no objection being made by other defendants.

There was verdict and judgment for plaintiff for $2000, less credits to the amount of $305. Keesey and Murphy alone have appealed, and assign the following errors:

1. The court erred in dismissing this suit as to the defendant L. B. Caruthers, he being the principal in the litigation for services in which plaintiff herein seeks to recover, and a principal obligor, if any, in the contract with plaintiff for said services, without the allegation and proof by plaintiff of any of the circumstances which would under the statute authorize such dismissal.

2. The court erred in excluding the testimony of the witness Thomas O. Murphy to prove statements and declarations made by plaintiff in reference to the services for which he seeks to recover in this suit, and that he had declared to said witness that he did not expect to be paid for said services.

3. The court erred in the third section of its charge to the jury in its instruction that defendants Keesey and Murphy, to entitle them to a verdict, must establish by a preponderance of evidence that they did not employ plaintiff, as he claims they did, and did not promise to pay any of the sums of money claimed by him, and that his services in the case against Caruthers was by reason of his interest as a citizen in the litigation, or that he appeared therein as the attorney of the defendant Gage; and thereby shifted the burden of proof from where it legally rested and assigned to defendants the obligation of establishing whose attorney he was in said cause, or his motive for appearing therein, which was calculated to and did confuse and mislead the jury.

[This statement accompanied the opinion.]

*Fiset & Miller* and *W. O. Read*, for appellants.—1. The services of plaintiff were rendered, it is admitted, in a suit against defendant Caruthers, he therefore being prima facie the principal obligor for fee for such services. Until the relative position of the parties to a contract, if any such existed, had been established, it was error to dismiss as to Caruthers without allegations necessary by statute to justify the dis-

missal.  Rev. Stats., art. 1257; also arts. 1256, 1259, 1207, 1208; Wooters v. Smith, 56 Texas, 198.

2.  The admissions of a party are admissible in evidence when offered by the adverse party, and it was error to exclude the testimony offered by defendants.  Sayles' Civ. Stats., art. 2245, rule 33, and cases cited; Martel v. Somers, 26 Texas, 559; 1 Posey's U. C., 265; 1 Greenl. on Ev., secs., 171, 191.

3.  The pleadings of the parties put the burden of proof on the plaintiff to show all the particulars necessary for a recovery on his part; and this having been recognized by the court in the second charge to the jury, it was error to instruct in the third charge that the defendants must show by a preponderance of testimony that they did not contract to do what the plaintiff claimed they did; because the court thereby shifted the burden of proof from the plaintiff to defendants, to the detriment of the latter.  Sayles' Civ. Stats., art. 2245, rule 12, and cases cited; 1 Greenl. on Ev., sec. 74; Powers v. Russell, 13 Pick. (Mass.), 76.

*West & McGown*, for appellee.—1.  The petition having alleged that all the defendants acting together had contracted with and employed appellee, a discontinuance as to any one of them is permissible.  Sayles' Civ. Stats., art. 1256, and notes; Austin v. Jordan, 5 Texas, 137; Horton v. Wheeler, 17 Texas, 52; Payne v. Bentley, 21 Texas, 455; Keithley v. Seydell, 60 Texas, 81.

2.  The purpose of the rejected evidence not having been shown to the court with reference to any material issue in the case, its rejection under the circumstances was proper.  Moss v. Cameron, 66 Texas, 412; Dunham v. Forbes, 25 Texas, 25.

3.  Appellants having set up special defenses alleging that appellee's services in the litigation were owing to his interest in the matter as a citizen, as the retained attorney of the defendant Gage, and that they each only obligated themselves to pay, and had paid, a certain sum, it was proper for the court to submit a charge to the jury to the effect that appellants must show these facts by a preponderance of the evidence.  Whitsett v. Miller, 1 Posey's U. C., 203; Sayles' Civ. Stats., rule 12.

COLLARD, JUDGE, *Section A.*—It does not appear from the petition that Caruthers was the principal obligor in the contract sued on.  He is sued merely as a joint contractor with the other defendants.  Looking to the evidence, we do not find that he is primarily liable, if he is liable at all.  The evidence tends rather to show that he did not join in the contract, but allowed his official position and acts as an officer to be used by the other defendants to test the question of the validity of the pretended removal of the county seat from Fort Davis to Marfa,

for which purpose he refused to remove to Marfa and to register bonds issued by the Commissioners Court to build a court house and jail at that place. Had he been sued and not served, the discontinuance as to him and the prosecution of the suit against the joint contractors served would have been allowed under the statute; and if he had not been joined at all with them as a defendant the rule would be the same. Sayles' Civ. Stats., arts. 1256–1259, inclusive; Wooters v. Smith, 56 Texas, 198. It is not shown by plea or otherwise how his codefendants would have been prejudiced by his dismissal.

There were no objections made nor exceptions taken or plea filed in the lower court to the dismissal, and no notice was taken of it except by motion for new trial, and then upon the ground that he "was the principal in interest in the litigation for services in which plaintiff seeks to recover in this action, and a principal obligor as shown in plaintiff's petition; and the judgment recites the dismissal of this cause as to said defendant without anything in the record showing such dismissal or the allegations or proof of any of the circumstances which under the statute would authorize the order." There being no objection made to the order until after the judgment was rendered, at which time the evidence was all before the court indicating that Caruthers was not liable on the contract at all, there was no error in refusing a new trial upon such ground. It is not now shown, nor was it shown in the motion for a new trial, that any injury will result to appellants by the dismissal. Rev. Stats., art. 1259; White v. Leavitt, 20 Texas, 706. We do not see that we would be justified in revising the ruling of the court below in granting a new trial.

There was error, as claimed in the second assignment of error, in excluding the answer of T. O. Murphy, that plaintiff had declared to him that he did not expect to be paid for his services. The declaration was admissible as original evidence as an admission of plaintiff, and needed no predicate as in cases of impeaching testimony.

There was error in the court's charge, as claimed in the third assignment of error. The charge criticised is as follows: "If you believe that defendants Keesey and Murphy have shown by a preponderance of the evidence that they did not employ plaintiff as he claims they did, and did not promise to pay him any of the sums of money claimed by him," etc., etc., "then the jury will find for the defendants."

The defendants Murphy and Keesey filed a general denial to the petition, and specially denied that they had ever employed plaintiff or made the contract sued on. The error of the court is obvious. It is not relieved by the instruction in the first part of the charge to the effect that to entitle plaintiff to recover he must establish the contract sued on by a preponderance of the testimony; nor can it be said that the evidence is so conclusive in favor of plaintiff as to render the error harmless. The evidence as to the alleged contract is conflicting, and

is quite positive on the side of defendants that they made no such contract. The solution of the question should have been left to the jury upon the whole case as made by the testimony, the burden of proof· being upon the plaintiff to establish his cause of action as alleged. It would not be proper for us to discuss the evidence or to express any opinion as to its sufficiency or preponderance on either side. The charge was erroneous, and requires a reversal of the judgment, and we so decide. Other assignments of error need not be considered.

We conclude that the judgment should be reversed and that the cause be remanded.

*Reversed and remanded.*