### S. E. COUCH ET AL. v. BEULAH B. SCHWALBE.

Decided May 27, 1908.

**1.—Community Property—Conveyance by Wife, Husband Joining.**

A wife separated from her husband conveyed to their children, on consideration of love and affection and with due acknowledgment, all her property, embracing lands and personal chattels held in community by herself and her husband; the latter, who was not mentioned in the body of the deed, also signed and acknowledged it. Held, that the deed was not void, but passed her interest in the community estate to the children.

**2.—Same.**

It seems that the validity of such conveyance is not dependent upon the doctrine of estoppel, which would require a valuable consideration, but that the deed signed and acknowledged by the husband would have the same effect as if he were named in the body thereof as grantor.

Appeal from the District Court of Tom Green County. Tried below before Hon. J. W. Timmins.

*Chas. E. Davidson*, guardian ad litem, and *Hill & Lee*, for appellants.—Appellee and her husband being permanently separated, she had the power and authority, with the consent of her said husband, to convey to her children her interest in the community property. Thomas v. Chance, 11 Texas, 637; Fox v. Brady, 1 Texas Civ. App., 590; Roos v. Basham, 41 Texas Civ. App., 551; Berry v. Wright, 14 Texas, 274; Rains v. Wheeler, 76 Texas, 394; Batla v. Batla, 51 S. W., 665; Caffey v. Caffey, 12 Texas Civ. App., 616; Randell v. Randell, 37 Minn., 663; King v. Mollohan, 60 Pac., 731; Teague v. Williams, 6 Texas Civ. App., 468.

*H. E. Chesley* and *Goodson & Goodson*, for appellee.—The deed was void for want of authority and power in Beulah B. Couch to make the conveyance. Proetzel v. Schroeder, 19 S. W., 293.

The deed was void because on its face it showed that, at the time of the making of the instrument, Beulah B. Couch was the wife of S. E. Couch, and that S. E. Couch was not a grantor in said deed, nor did he intend to convey any of his right in said land, but the same was an attempted act of the wife to sell, not a particular described tract of land, but her community interest in the lands described in said deed, and the husband not joining in the deed as a grantor, and not intending

that any interest that he might have in the land should pass, but merely assenting to the wife conveying her community interest in said land, and the same being a deed of gift, and no question of innocent purchaser or other question raising estoppel so as to make the deed the act of the husband, and thereby depending alone for its efficacy upon the power of the wife to convey her community interest in said lands, the same was void for want of power in the wife to do so. Same authorities, also: Engleman v. Deal, 14 Texas Civ. App., 1; Green v. Ferguson, 62 Texas, 529; Graham v. Struve, 76 Texas, 533; Cannon v. Boutwell, 53 Texas, 626; Ochoa v. Miller, 59 Texas, 460; Stone v. Sledge, 87 Texas, 49.

The deed was void because on its face, interpreted in the light of all of its provisions, and under the statutes regulating such matters, and under the construction given by our courts with reference to the powers and disabilities of married women, it appeared that Mr. and Mrs. Couch were husband and wife at the date of the deed; that the property conveyed was community property, and that Mrs. Couch was intending to convey not any particular tract of land, but her community interest in the estate of herself and husband in said lands, and that such interest was not alienable, and she had no power to make such a conveyance. Same authorities, and, in addition thereto, Speer on Married Women, sec. 174; Ballinger on Community Property, secs. 74-75; Littell Mfg. Co. v. Miller, 28 Pac., 1033; Stockend v. Bartlett, 31 Pac., 24.

RICE, Associate Justice.—This suit was filed February 17, 1906, in the District Court of Crockett County, Texas, by Beulah B. Schwalbe against her former husband, S. E. Couch and their four children, Gilbert M. Couch, Ruby May, Stephen E., Jr., and Paul O. Couch, the last three of whom were minors, appellants herein, to recover an undivided half interest in certain real estate and personal property situated in said county, and for partition thereof. By agreement the venue of said case was changed to Tom Green County. A guardian *ad litem* was appointed for said minor children, and all of the defendants answered separately by general denial and by special pleas and statutes of limitation.

Trial was had before the court without a jury, and judgment rendered July 1, 1907, in favor of appellee, against all of the defendants, for an undivided two-fifths of the several tracts of land described in the petition, and judgment was rendered for S. E. Couch, Sr., for three-fifths of said land, ordering partition between them, and adjudging that the other defendants owned no interest in said land, and that the deed under which they claimed was void. All of the defendants excepted and perfected their appeal, but the minor defendants alone have presented briefs herein.

While there are a number of assignments of error, it will only be necessary, in the view we take of this case, to pass upon the first, which urges that the court erred in holding that the deed from plaintiff, Beulah B. Schwalbe, to her said children, of date September 5, 1900, was void, and conveyed no title or interest to them in the lands described therein.

It appears from the facts that S. E. Couch, Sr., and Beulah B. Couch married in 1883; that the above-named children were the only issue of said marriage; that they lived together until about June 15, 1900, when the said Beulah B. Couch, without cause or provocation on the part of her husband, voluntarily left their home with the fixed intention of permanently abandoning him; that at the time of said abandonment, and for some time prior thereto, she had been intimate with one Eli Schwalbe, and when she abandoned her husband did so for the purpose of continuing said criminal intimacy with said Schwalbe, which she did until they were married, some time after her divorce from appellant, S. E. Couch, Sr.; that during the marriage relation between S. E. Couch, Sr., and appellee, by their joint efforts, they had acquired certain real and personal property, aggregating in value, at the date of their divorce, about $33,255, and that the total indebtedness against it was $22,500, and that the property described in the judgment was community property at the date of said separation; that on September 5, 1900, appellee voluntarily executed a general warranty deed to her four children, appellants herein, conveying to them, upon consideration of love and affection, all of her property in Texas. This deed recites that it is by Beulah Couch, wife of S. E. Couch, and is signed and acknowledged by her, as provided by the statutes of Texas for married women, and it is admitted that the facts stated in the officer's certificate are true. Appellant S. E. Couch, Sr., also signed said deed with appellee, and acknowledged it as required by law, but his name nowhere appeared as grantor therein nor anywhere in the body thereof. On the day of its execution the appellee, Beulah B. Schwalbe, in person, delivered the same to her son, Gilbert M. Couch, one of the grantees therein, who had the same, on September 14th thereafter, duly recorded. It was admitted that, at the time of the execution thereof, the separation between appellee and appellant S. E. Couch, Sr., was permanent, and so understood by them. After its execution appellee returned to Schwalbe and continued to live in adultery with him. Thereafter S. E. Couch, Sr., brought suit for divorce against appellee, and for custody of their said children. On October 12, 1900, judgment was entered dissolving the marriage relation between them, and awarding the custody of the children to appellant S. E. Couch, Sr. The judgment of said court also confirmed the deed of conveyance by appellee to her said children, a copy of which was attached to the petition for divorce. It was admitted that, since the execution of said deed, appellant S. E. Couch, Sr., had been continuously in possession of all of said land for himself and children, claiming an undivided one-half interest thereof, and paying taxes thereon in his own name for himself and said children. It was admitted that all of the property described in said deed was in existence at the date thereof, and that the same was community property acquired by appellee and her husband, S. E. Couch, during their marriage. It was also admitted that no consideration, other than that expressed in the deed, which was love and affection, had passed therefor. It was likewise admitted that the personal property was of sufficient value to pay all community debts, and that the land described in the judgment was the only community property subject to partition.

The appellants, after general and special demurrers, all of which were overruled, set up the facts as to the execution and delivery to them of the deed by their mother to the property sued for, the confirmation thereof by the District Court in the divorce proceedings between their father and mother, and also pleaded the statutes of two and four years' limitation as against the vacation of said judgment and the statutes of three and five years' limitation in bar of plaintiff's right to recover said land.

Appellee contends that the deed was void for the want of authority and power in her to make the conveyance, and likewise urges that the same was void because, upon its face, it showed that she was the wife of S. E. Couch, and that he was not a grantor in said deed, nor did he intend to convey any of his right in said land, but the same was the attempted act of the wife to convey, not a particular tract, but the community interest in the lands described in said deed, and the husband did not join therein as grantor, and did not intend that any interest he might have should pass, but merely assented to the conveyance of her community interest in said land, the same being a deed of gift, without question of innocent purchaser or other question raising estoppel, so as to make the deed the act of the husband, depending alone for its efficacy upon the power of the wife to convey her community interest in said lands.

The question, therefore, for determination is, Whether or not the deed of a married woman conveying her entire community estate by deed of gift to her children, where the same is properly signed and acknowledged by her and her husband, but in which deed her husband's name does not appear as grantor, is a valid and sufficient instrument in law to convey her interest in the community estate.

It seems to us that this question has been settled in this State against the view of appellee by the earlier decisions of the Supreme Court. In Thomas v. Chance, 11 Texas, 637, where the present statute declaring that community property may be disposed of by the husband only was first construed, it was contended that a deed by the wife alone was an absolute nullity, and conveyed no title. In that case the wife alone conveyed the property, the husband not joining in it, but it was shown by parol testimony that he consented and acquiesced, thereby authorizing it. The court says: "But, admitting that the clause vests exclusive power of disposition in the husband, how then stands the rights of the intestate of the plaintiff on the facts set forth in the record? There is no doubt, on the supposition of exclusive right in the husband, that a deed by the wife of community property, the husband being present and acting as the head of the community, cannot stand alone. The deed from Lucy Ferris to Goddard, considered as her own act, without the assent or authority of the husband, express or implied, would not convey title. But, although it may be the exclusive right of the husband as the acting partner to control and dispose of the common property, yet he may, expressly or by implication, invest his wife with all the authority possessed by himself over the community. She is the joint owner, and has an equal interest with himself in the property, and her acts (with his assent and authority) in relation to such property must

have equal force with his own. This authority may be given previously to the act or subsequently, either expressly or by implication." The rule laid down in this case has been reaffirmed in Fox v. Brady, 1 Texas Civ. App., 593; also in Roos v. Bashan, 41 Texas Civ. App., 551.

In the last case the wife alone executed the deed, and an issue was made as to whether she did so with the husband's authority, the court finding as a fact that the husband had authorized her to make said deed. The judge, in delivering the opinion of the court, said: "If, then, the wife, with the authority and assent of her husband, can make a valid conveyance of the community real estate, we need inquire no further, for the judgment must be affirmed. The exact point has been decided in this State," citing Thomas v. Chance, *supra.*

In Wetzel v. Simon, 87 Texas, 404, where a deed of assignment of the community property was made by the wife under the direction of the husband, it was held to pass title to the property. Judge Gaines, in delivering the opinion of the court upon this question, said: "The trial court found that the effects which purported to be transferred belonged to the community estate of N. Wise and his wife. The debts were created in carrying on the business, and were the debts of the husband as representing the community, and not the debts of the wife. . . . Such being the case, we are of the opinion that, when the husband directed the wife to sign the conveyance in her own name, and when, in pursuance of such direction, she did so execute it, it passed the title of the property with the same effect as if he had signed it himself, in his own name, and delivered it with his own hands."

It will be observed that in each of the cases above cited the name of the husband did not appear in the body of the deed, nor did he sign the same, but his assent to the execution of the deed in each instance was established by parol, and the conveyances were upheld as sufficient to pass title. If the wife, by her own deed, can convey community property, so as to pass title thereto, where her husband does not join in the deed, but his assent thereto is shown by evidence *aliunde* the deed, then for a greater reason, it would seem that, where the husband joins in the deed, as in the case at bar, by signing and acknowledging the same, the title would certainly pass. As we understand the law, the husband was as much bound by the deed duly signed and acknowledged by him, though his name did not appear in the body of the deed, as he would have been had his name been so inserted.

In Devlin on Deeds, vol. 1, sec. 194, it is said: "Is it essential that a person should be mentioned in the deed to be bound by it, and to make it an operative conveyance of his estate? Suppose a deed is signed by a person who is not named in it as grantor, is he bound? There is a marked contrariety of opinion upon this subject. In some of the States it is considered that the name of the grantor in the body of the deed is entirely unnecessary, and he is bound by a deed which he signs, but which does not contain his name in the premises, as firmly as if his name had been so written. In other States the rule announced is that, to bind a party, the deed must contain apt words, indicating the intent to bind him, and that his signature at the bottom of the deed, in which he is not named as grantor, can not have the effect of making the conveyance operative against him. In New Hampshire it was determined at

an early day that, if a person signs, seals and delivers a deed, he is bound by the deed, though not named in it as grantor. In a subsequent case in the same State it was decided that, where a deed of lands belonging to the wife purports to be the conveyance of the wife alone, and does not contain a recital that the husband is a party, but is executed by both husband and wife, it is the deed of both, and is operative to transfer the title of both to the land described in the deed."

In Mississippi and California the same doctrine is held.

In Newton v. Emerson, 66 Texas, 142, an instrument which was neither written nor signed by the grantor, but which had been prepared at his request, conveying certain of his property to his wife, and which had been duly acknowledged and filed by him for record, he being shown afterwards to have made statements to his wife and others acquiescing in the conveyance, it was held, Judge Stayton delivering the opinion of the court: "That, under this state of facts, it is unimportant that the entire instrument, including the name of Charles G. Newton, was written by another at his request; nor is it important whether he was present when it was written, for it is well settled that by his acknowledgment before the officer he adopted and made his own every word, including his own name, then upon the instrument," citing authorities.

It was further held, in the same case, that a deed or other instrument may be said to be signed whenever the name of its maker is so written upon it as to evidence his intention to give authenticity thereto. For other authorities see Book 3, Rose's Texas Notes, p. 142.

In Ochoa v. Miller, 59 Texas, 460, the wife alone, as grantor, conveyed separate property, but the husband signed and acknowledged the deed as here, and the conveyance was held valid.

Counsel for appellee insists, however, that in this case, as it appears that the record title in the property conveyed was shown to be in the name of S. E. Couch, Sr., it was necessary for him to have formally joined in the conveyance as grantor. We think, under the authorities, that the signing and acknowledging of the deed by the husband in this case gave it the full force and effect of a deed, and was equivalent to having his name inserted therein as grantor; and the property being community, it would make no difference, it seems, in principle, whether the record title was in one or the other spouse, if it were shown that the wife, in fact, properly signed and acknowledged the conveyance, with the approval and consent of the husband, as held in Thomas v. Chance, *supra.*

But appellee insists that, in each of the cases above cited in support of the rule here announced, the deed was held valid by reason alone of the fact that the husband and wife were precluded from asserting the contrary because of the doctrine of estoppel, they having obtained value therefor, and this being a voluntary conveyance, would not come within the operation of said rule. We differ with counsel for appellee as to their construction of those cases, and believe that the conveyances were held valid by reason of the fact that the wife was shown to have made the deed with the consent and approval of the husband. The consideration for this conveyance, it is true, was love and affection, but we do not believe that this is any cause or reason for setting it aside. Love

and affection is a good consideration, and will support a conveyance. (1 Devlin on Deeds, sec. 11; Saufley v. Jackson, 16 Texas, 579; Bradley v. Love, 60 Texas, 472.) At the time of the execution of this deed it appears that appellee was living separate and apart from her husband, and that the separation between them was permanent, and so regarded by each of them. Under this state of facts she and her husband had the right to voluntarily partition their community property between them, and to make conveyances effectuating this purpose. And in the absence of fraud, coercion or undue influence, when it appears that the division of the property between them is fair and equitable, their deeds of partition will be sustained. (Batla v. Batla, 51 S. W., 665; Rains v. Wheeler, 76 Texas, 394; Caffey v. Caffey, 12 Texas Civ. App., 616.)

Now, if at the time of making this conveyance she was so situated as to be able to make a deed of partition as between herself and her husband of their common property, it seems that there ought not to be any question but that she would have the right, when joined by him, as in the present instance, to make a valid deed of gift of her community interest in the property to her children. At the time this conveyance was executed she had voluntarily abandoned her husband, home and children, and was living in adultery with another, whom she afterwards marries, remaining with him until in turn she is abandoned by him, when she, for the first time, after a period of six years, conceives the idea of reclaiming the property theretofore conveyed by her to her children. At the time of the filing of this suit, and since the execution of said deed, they, together with their father, have been in possession of and continuously using the property so conveyed to them. The deed seems to have been voluntarily made, without coercion, fraud, deceit or duress, and made under circumstances indicating that she still cherished and entertained some of the feelings of a mother towards her children, notwithstanding the fact that she had abandoned them to revel for a season in the joys of an illicit love.

Believing, under the circumstances disclosed by this record, that the judgment of the trial court annulling said deed and awarding the property to appellee was error, we therefore reverse, and render the same in favor of appellants.

*Reversed and rendered.*

Writ of error refused.