## REEVES v. REEVES et al.
### No. 3973.

Court of Civil Appeals of Texas. Texarkana.
May 7, 1931.

854

judgment, because of the failure of the court in rendering same to appoint a trustee or receiver to take charge of the forty-two acres and devote the rents and revenues, or so much thereof as may be necessary, to the support and education of said Thomas W. Reeves.

The theory upon which the court below held that neither of said deeds was effective was that it appeared each of them was without a consideration to support it, and was "not made (quoting from the court's findings) with intention of passing title to Curby Reeves but for the purpose of enabling him to lease the land for oil and gas mining purposes with more facility and the grantors were induced to execute the deeds by representations that same would not divest Mrs. Cora Reeves of her homestead."

■ It appears in the record sent to this court that the only evidence of representations made to induce Cora Reeves and her husband to execute the deeds specified was the testimony of said Cora Reeves as a witness as follows: "I was persuaded to make the other conveyance (that is, the deed dated February 17, 1930), by Marvin Love. I signed a paper thinking to give him (probably meaning Curby Reeves) a chance to lease the land. He said it would cause me to get something myself." Who Marvin Love was and what interest he had, if any, in the matter, did not appear in the testimony. Obviously, we think, the testimony of Cora Reeves just set out, if competent as evidence, did not warrant a finding that the two deeds referred to, or either of them, was ineffective as conveyances of the land. And as obviously, we think, the further testimonies of said Cora Reeves that, quoting, "in making those deeds I didn't know that I was disposing of my homestead interest in the matter, I didn't do it with the intention of disposing of my homestead," did not warrant such a finding. In the absence, as was the case, of pleading and proof showing either fraud, accident, or mistake to have entered into the transaction, the fact that Cora Reeves and M. V. Reeves executed and delivered the deeds was conclusive of the fact that they intended the instruments to operate as conveyances of their title in the land, including their homestead rights.

■■ Nor was the fact, as found by the court, that the deeds were without a consideration a reason for holding them to be ineffective as conveyances. The consideration recited in the deed of March 6, 1929, was $150 cash paid by Curby Reeves. The consideration recited in the. deed of February 17, 1930, was $500 paid in cash "and (quoting) the love and affection we have and bear for our son Curby Reeves." Cora Reeves, as a witness, testified that "the $150 consideration (quoting) recited in that first deed from my husband and me to Curby Reeves

Hyer & Christian, of Fort Worth and Tomas G. Pollard, of Tyler, for appellant.

D. R. Pendleton, of Tyler, for appellees.

WILLSON, C. J. (after stating the case as above).

At the date of the deed of March 26, 1929, from Cora Reeves and her husband, M. V. Reeves, to Curby Reeves, referred to in the statement above, Cora Reeves owned forty-two acres, undivided, of the seventy-two acre tract. Hence, if that deed should be given effect· or if it should not be given effect, and the deed of February 17, 1930, from said Cora and M. V. Reeves to said Curby Reeves, also referred to in said statement, should be given effect, the title to said forty-two acres, undivided, was not in Cora Reeves as determined by the judgment, but was in said Curby Reeves; and Lura Belle Reeves, as next friend of her infant son, Thomas W. Reeves, has a right to complain as she does of the

was never paid. * * * I did not receive any consideration for either one of those deeds," and M. V. Reeves, as a witness, testified·that neither he nor his wife, said Cora Reeves, "received any consideration for those conveyances." But, as stated above, it appeared from the recitals in the deed of February 17, 1930, that the consideration thereof was love and affection Cora Reeves and M. V. Reeves had for Curby Reeves as their son as well as the $500 recited to have been paid to them. It is held that love and affection are a sufficient consideration to support a deed from parents to their child. Bishop v. Williams (Tex. Civ. App.) 223 S. W. 512; Couch v. Schwalbe, 51 Tex. Civ. App. 94, 111 S. W. 1046. ·Hence the conclusion of the court below that the deed of February 17, 1930, was without a consideration to support it was not warranted.

█ It appearing, as we think it did, that the forty-two acres, undivided, belonged to Curby Reeves, the court below should, it seems from the authorities, have appointed a receiver or trustee to take charge of same and apply the rents and revenues or such part thereof as was necessary, to the support and education of said Thomas W. Reeves, the infant child of the marriage between said Curby Reeves and Lura Belle Reeves. Hooten v. Hooten (Tex. Civ. App.) 15 S.W.(2d) 141, 143. In the case cited the court said:

"It is now the settled law of this state that the primary duty of supporting minor children rests upon the father, both before and after·the divorce of the parents. Gulley v. Gulley, 111 Tex. 233, 231 S. W. 97, 15 A. L. R. 564, and cases there cited. It has also been definitely decided that the district court has authority, both in a divorce proceeding and after the decree of divorce has been granted, to make proper provision for the support of the minor children from the property of the father. Hedtke v. Hedtke, 112 Tex. 404, 248 S. W. 21; Hughes v. Hughes (Tex. Civ. App.) 259 S. W. 180; Bemus v. Bemus, 63 Tex. Civ. App. 148, 133 S. W. 503. * · * * In, the exercise of that power, the court * * * may fix a reasonable allowance to be paid periodically, and make the payment of such allowance a charge against the rents and revenues of property belonging to the father. Gully v. Gully (Tex. Civ. App.) 173 S. W. 1178; Sneed v. Sneed (Tex. Civ. App.) 296 S. W. 643, and cases cited. To accomplish that end the court may designate specific property and place it in the hands of a trustee to be used for the support and maintenance of the children during their minority. Fitts v. Fitts, 14 Tex. 443; Trimble v. Trimble, 15 Tex. 18; Simons v. Simons, 23 Tex. 344; Rice v. Rice, 21 Tex. 58; Bemus v. Bemus, and Hedtke v. Hedtke, supra."

The judgment will not be disturbed so far as it denied the Stegalls and Lura Belle Reeves in her individual capacity a recovery of anything. It will be affirmed so far as it was in favor of Willie Reeves and awarded a partition of the seventy-two acres at the prayer of his guardian Emma Ford. It will be reversed so far as it was in favor of Cora Reeves and her husband, M. V. Reeves, and the cause will be remanded to the court below for the partition awarded, with instructions to appoint a trustee to take· charge of the part allotted to Curby Reeves in such partition and devote the rents and revenues,· or the part thereof necessary, to the support, maintenance, and education of the infant Thomas W. Reeves during his minority.