## RODRIGUEZ v. RODRIGUEZ.

### No. 2932.

Court of Civil Appeals of Texas. Waco.

Nov. 2, 1950.

Anderson & Ratliff, Corpus Christi, for appellant.

Ben A. Glusing, Kingsville, for appellee.

HALE, Justice.

Appellant instituted this suit against appellee on June 20, 1949, for a decree of divorce, for custody of their minor children and a division of their community property. The case was tried without a jury on January 17, 1950 and resulted in judgment that appellant take nothing. The court expressly found in the judgment denying any relief to appellant that the bonds of matrimony theretofore existing between the parties had been dissolved by a final decree of that court duly entered on July 17, 1948, that the custody and maintenance of the minor children had been adequately determined and settled in the prior decree of divorce, and that all community property acquired by the parties during their marriage had been partitioned and divided between them in a fair and equitable manner.

In response to the request of appellant the trial court filed extensive findings of fact and conclusions of law in addition to the foregoing findings as contained in the judgment. Among other things, the court found substantially as follows: the parties were married on December 6, 1936 and ceased to live together as husband and wife on November 18, 1947; they entered into a written contract on November 19, 1947, providing for a division of their community property and in pursuance thereof they executed deeds of conveyance whereby each became vested with title to that portion of their realty which was to become the separate property of each; on June 16, 1948, appellee filed his petition in the court below for a decree of divorce from appellant and confirmation of the partition of their community property; appellant was personally served with citation and a copy of appellee's petition on the same day the petition was filed; on July 17, 1948, the court granted the petition of appellee for a divorce, dissolved the bonds of matrimony theretofore existing between the parties, awarded the custody of the minor children to appellant with the provision that appellee pay $60 per month for their maintenance and confirmed the partition of their community property in accordance with the contract of partition; there was no fraud in the securement or execution of the contract for the partition of the community property; the decree as entered by the court on July 17, 1948 was not secured through any fraud or mistake; the amounts of property partitioned to appellee and appellant, respectively, in the contract of partition and in the decree of divorce are fair and equitable shares and are approximately equal in value; appellee had married another woman after becoming divorced from appellant; and appellant, describing herself as a feme sole, had executed contracts of sale covering the real property set aside to her in the prior decree of divorce and had purchased additional real property from the proceeds derived through such contracts of sale.

The appeal is predicated solely upon alleged errors of the trial court in finding and refusing to find the existence of certain facts. The first point in appellant's brief assigns error on the part of the court in finding that "the parties were not living together as husband and wife until April 17, 1949 and that said property settlement was fair and equitable." No complaint is made with respect to any of the other findings of the court, the additional points in appellant's brief relating to the refusal of the court to find the existence of certain

evidentiary facts which were in conflict with the ultimate facts as found and of which complaint is made. Appellant contends in effect, as we understand her brief in its entirety, that the undisputed evidence shows the parties were living together as husband and wife at the time the settlement agreement was made and continued to live together as such until April 17, 1949, and that the settlement agreement was therefore void as a matter of law. She also contends that the settlement agreement, under all the evidence in the case, was unequal and inequitable in fact and that such agreement and the prior decree of the court confirming the same should be set aside.

It is generally held that if a separation agreement is made at a time when the parties are actually living together as husband and wife and if such agreement so made is entered into for the purpose of effectuating a separation and divorce, then under such circumstances the agreement so made and entered into is contrary to public policy and is therefore void and ineffectual. On the other hand, however, if a separation agreement is made at a time when the parties have already separated with the intention of remaining permanently apart, or have determined upon a separation and are in the act of carrying it into effect, then under such circumstances the agreement is not contrary to public policy and will be upheld, provided the same has been entered into without coercion or other undue influence and the provisions thereof are just and equitable. Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324; Couch v. Schwalbe, 51 Tex.Civ.App. 94, 111 S.W. 1046, er. ref.; Levy v. Goldsoll, 62 Tex.Civ.App. 257, 131 S.W. 420, er. ref.; Corrigan v. Goss, Tex.Civ.App., 160 S.W. 652, er. ref.; Wheat v. Wheat, Tex.Civ.App., 239 S.W. 667.

After due consideration of all the evidence in the record before us, we cannot say as a matter of law that the parties to this suit were living together as husband and wife at the time when they signed the agreement on November 19, 1947, or that the purpose of such agreement was to effectuate a separation and divorce. The first paragraph in the written agreement recites that the parties are husband and wife, and that by reason of the unhappy differences which have arisen between them "they have mutually agreed to separate and live apart." It appears to us that this written recital is contractual in nature and is such as to preclude appellant from proving by parol testimony that the parties had not determined upon a separation at the time when the agreement was signed. Furthermore, appellee testified that he separated from appellant as his wife on November 18, 1947, and the testimony of Pedro Perez tends to show that appellee thereafter lived alone in a room at the rear of his store where he slept and prepared his own meals. Consequently, the testimony of appellant to the effect that she and appellee were living together as husband and wife at the time the settlement agreement was signed and continued thereafter to live together as such until April 17, 1949, even though such testimony was competent and corroborated by the verbal testimony of other witnesses, could not do more than raise an issue of fact for the trial court under all the evidence.

At the time of their separation on November 18, 1947, the community property of the parties consisted of ten lots and the improvements thereon, a grocery store, certain household furniture, a 1931 model truck, and a 1938 model automobile, all situated in Kingsville, Texas. By the terms of the settlement agreement and the decree of divorce as entered in the court below on July 17, 1948, appellant received six of the lots, all of the household furniture and the automobile and appellee received four of the lots, the grocery store and the truck. The residence where appellant and appellee lived and five rent houses were situated upon the six lots which appellant received and the store building and three rent houses were situated upon the four lots which appellee received. The five rent houses which appellant received were bringing a rental of $50 per month and the three rent houses which appellee received were bringing a rental of $17 per month at the time when the settlement agreement was made. Certain tax receipts showing the valuation placed upon the various properties for tax

purposes were introduced in evidence and extensive parol testimony was adduced which tended to show the value of such properties. Regardless of whether reasonable minds might or might not differ in the conclusion to be drawn from the evidence as to the value of one or more of the items of property divided between the parties, we think the evidence as a whole was amply sufficient to warrant the trial court in finding that the total amounts partitioned to each were fair and equitable shares of their community property and were approximately equal in value.

It was within the province of the trial court to find the existence or non-existence of all issuable facts raised by the competent evidence in this case. In our opinion the evidence as a whole was not only sufficient to raise and sustain all of the express and implied findings of fact made by the court but it was such as to warrant the court in refusing to make any of the additional findings requested by appellant. Under the court's findings of fact we cannot say the written settlement agreement as entered into by the parties on November 19, 1947, or the prior decree of the court confirming the same as entered on July 17, 1948, was void or ineffectual or that such settlement was in any wise unjust or inequitable.

Therefore, all of appellant's points are overruled and the judgment appealed from is affirmed.