**Tommy GOFF, Appellant,**

v.

**Ernst TUCHSCHERER, Appellee.**

**No. 1835.**

Court of Civil Appeals of Texas,
Corpus Christi.

April 16, 1981.

Rehearing Denied April 30, 1981.

Ronald B. Layer, Jones & Lewis, McAllen, for appellant.

Miles J. Mullin, Wilkins, Slusher, Key, Kelly & Mullin, McAllen, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal of an order overruling a plea of privilege. The trial judge refused to transfer the cause to the county of residence of appellant Goff, thereby upholding appellee's contention that the written contract between appellant and appellee Tuchscherer required the performance of the obligation in Hidalgo County. Tex.Rev. Civ.Stat.Ann. art. 1995, subd. 5(a) (Supp. 1980).

Ernst Tuchscherer, appellee, and Tommy Goff, appellant, entered into a purchase agreement involving the sale of certain real property located in Hidalgo County. After the closing date for transfer of the property had passed, appellee brought suit for damages for non-performance of the contract, and, in the alternative, for specific performance of the contract. Appellant filed his plea of privilege asserting his right to be sued in the county of his residence, Tarrant County. In his controverting affidavit, appellee urged the trial court to overrule the plea based on the venue exception embodied in subdivision 5(a) of article 1995 (1980):

> "5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The trial court overruled the appellant's plea of privilege. Goff appeals.

Appellee first raises a challenge to the jurisdiction of this Court to hear the appeal. Appellee asserts that this Court lacks jurisdiction due to the failure of appellant to timely perfect his appeal. In support thereof, appellee argues that the trial court officially ruled on the plea of privilege on November 5, 1980, by mailing a letter to all attorneys which is as follows:

"November 5, 1980

RE: TUCHSCHERER VS. GOFF

Cause No. C–1115–80–C

Gentlemen:

In reference to the hearing had on September 18, 1980, in the above styled and numbered cause, the Court has made the following ruling:

The Plea of Privilege of (sic) overruled.

Please prepare and present an appropriate order refecting (sic) the Court's ruling.

Respectfully,

/s/ F. M. Guerra"

The letter (or a reproduction thereof) has stamped thereon in form and substance as follows:

```
RECEIVED

NOV 5 1980

DISTRICT CLERK
HIDALGO COUNTY, TEXAS
EDINBURG, TEXAS
```

■ If judgment was in fact rendered on the 5th of November, 1980, appellant did not timely perfect his appeal by filing his cost bond within 20 days (his certificate of deposit in cash in lieu of cost bond was filed on November 26, 1981, one day late) in compliance with Rule 385(a), T.R.C.P., nor did he file the record with this Court within 20 days (the transcript was filed on December 15, 1980, twenty·days late) in compliance with Rule 385(b). This appeal is under the Rules before the amendments thereof effective January 1, 1981.

An examination of the transcript in this case reveals that the trial judge filed with the District Clerk the above signed letter on November 5, 1980. The transcript reveals, however, that he also signed an "Order Overruling Plea of Privilege" on November 26, 1980. The November 26 order was a nullity. *Mathes v. Kelton*, 565 S.W.2d 78 (Tex.Civ.App.—Amarillo 1978) aff'd, 569 S.W.2d 876 (Tex.Sup.1978).

■ Rule 385(a), T.R.C.P. (1978) requires the filing of the appeal bond "... within twenty days after rendition of the order appealed from ...." "Rendition" is the judicial act by which the court *settles and declares publicly* the decision of the law upon the matters at issue. *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56, 58 (Tex.Sup.1970); *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 292 (1953); *Ortiz v. O. J. Beck & Sons, Inc.*, 611 S.W.2d 860 (Tex. Civ.App.—Corpus Christi 1980, no writ). Under Rule 306a, "The date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial court as stated therein." See *Walker v. Harrison*, 597 S.W.2d 913 (Tex.Sup.1980).

■ The letter mailed and filed with the District Clerk on November 5, 1980, which was signed by the trial judge, clearly advised the attorneys for the parties that the plea of privilege *was overruled.* By declaring his decision of the law in writing, by signing the subject letter, by mailing copies to all parties (declaring publicly), and by filing it with the District Court (constructive notice), the trial judge did render judgment in this cause on November 5, 1980, and the appellate time then began to run. See *Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex.Sup.1978); *Kostura v. Kostura*, 469 S.W.2d 196 (Tex.Civ.App.—Dallas 1971, writ dism'd). In failing to properly perfect his appeal, the appellant cannot invoke the jurisdiction of this Court.

The appeal is dismissed.

BISSETT, J., not participating.