**Rick MAYS, et vir, Appellants,**

v.

**FOREMOST INSURANCE COMPANY, et al., Appellees.**

**No. 16661.**

Court of Appeals of Texas, San Antonio.

Dec. 30, 1981.

Veitch & Britt, Inc., John Britt, San Antonio, for appellants.

Dale Felton, Houston, Robert McGowen, Devine, Jack Sides, Jr., Dallas, Robert Biechlin, San Antonio, for appellees.

OPINION

Before KLINGEMAN, CLARK, and BASKIN, JJ.

CLARK, Justice.

This is an appeal from an order granting the motions for summary judgment of appellees Mobile Home Brokers, Inc., d/b/a Crestview Mobile Housing and Foremost Insurance Company.[1] Appellants' mobile home allegedly sustained water damages from leaky plumbing while they were away on vacation. Their pleadings charged Crestview with negligent plumbing repairs, breach of warranty, and violations of consumer protection statutes. Appellants charged Foremost with breach of contract, alleging a refusal by Foremost to reimburse them for their loss under an insurance policy on the mobile home.

Foremost has moved to dismiss this appeal for want of jurisdiction, asserting that appellants failed to file their cost bond and transcript within the times required by Tex. R.Civ.P. 356 & 386 (Vernon 1967).[2] At the time this appeal was perfected Rule 356 required that appellants' cost bond be filed "within thirty days after rendition of judgment," and Rule 386 required that the transcript be filed "within sixty days from the rendition of the final judgment."

An order granting the motions for summary judgment was signed by the trial judge on August 12, 1980, and appellants filed their cost bond and transcript on September 4, 1980, and October 9, 1980, respec-

---

1. Appellants have not appealed from that portion of the order granting the motion for summary judgment of the third defendant, Medina County Water Control and Improvement District No. 1.

2. This appeal is governed by the rules in effect immediately prior to the January 1, 1981, amendments.

tively. Foremost contends, however, that a letter written by the trial judge to all counsel on July 15, 1980,[3] and filed with the district clerk on July 17, 1980, constituted the "rendition" of judgment within the meaning of Rules 356 and 386 and that the order of August 12, 1980, was a nullity. Foremost argues that the trial judge's letter started the appellate clock on July 17, 1980, at the latest, and that this appeal must be dismissed for want of jurisdiction because the cost bond and transcript were not filed within thirty and sixty days, respectively, after that date. If Foremost is correct in its contention that the times provided in Rules 356 and 386 must be measured from the date of the letter, or the date of its filing, then appellants' cost bond was indeed filed late, and this appeal must be dismissed.

The question, then, is when the judgment was "rendered." The answer requires consideration of Rules 305 and 306a as well as Rules 356 and 386. Rule 305 provides that "[c]ounsel of the party for whom a judgment' is rendered shall prepare the form of the judgment to be entered and submitted to the court." Rule 306a exhorts judges, attorneys and clerks to "cause all judgments and orders of any kind to be reduced to writing and signed by the trial judge," with "the date of signing stated therein." Rule 306a also makes it clear that the date the judgment is signed marks the beginning of the appellate countdown.

In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judg-

ment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. This rule shall apply in determining the time within which to file a[n] ... appeal bond or ... transcript in appellate court ....

Tex.R.Civ.P. 306a (Vernon 1967).

We reject Foremost's contention that the trial judge's letter of July 15, 1980, marked the beginning of the periods prescribed for the filing of appellants' cost bond and transcript. The letter plainly invited counsel for the various parties to do the very things contemplated by Rules 305 and 306a in order to reduce the trial judge's announced decision to a comprehensive judgment in appealable form. The order subsequently signed by the trial judge was comprehensive and complete. Besides granting the three defendants' respective motions for summary judgment, it also disposed of cross-actions, severed Foremost's counterclaim against appellants and retained it on the trial court's docket, and adjudged costs. The order reflected expressly that it was signed August 12, 1980.

■ The date of signing of the judgment determines the time limits for perfection of appeal if the date of signing is shown therein. Tex.R.Civ.P. 306a (Vernon 1967); *Burrell v. Cornelius*, 570 S.W.2d 382 (Tex.1978); *Ortiz v. Beck*, 611 S.W.2d 860 (Tex.Civ.App. —Corpus Christi 1980); *Cyrus v. State*, 601 S.W.2d 776 (Tex.Civ.App.—Dallas 1980, writ ref'd n. r. e.); *Polis v. Alford*, 267

---

3.                                  July 15, 1980

Mr. John Britt
Attorney at Law
1222 North Main Street, Suite 420
San Antonio, Texas 78212

Mr. Robert R. Biechlin
Attorney at Law
1910 Tower Life Building
San Antonio, Texas 78205

Mr. Dale Felton
Attorney at Law
Suite 264, 6610 Harwin Street
Houston, Texas 77036

Mr. Robert L. McGowen
Attorney at Law
220 S. Teel Drive
Devine, Texas 78016

Mr. Jack Sides, Jr.
Attorney at Law
Suite 2065, 2001 Bryan Tower
Dallas, Texas 75201

No. 8310, Rick Mays vs.
Foremost Insurance Company, et al
38th, Medina County

Gentlemen:
The Court, after considering the pleadings, the briefs, depositions and the law relating to the above styled and numbered

cause, is granting all of the Defendants Motions for Summary Judgments. Mr. Sides, if you would, after conferring with counsel for the defendants, try to incorporate all of these Motions for Summary Judgments in one order. If this is not possible, each defendant will be responsible for preparing the order granting the Motion for Summary Judgment. Costs are against the Plaintiff.

The Court is of the opinion that the granting of these Summary Judgments will dispose of all matters in the above cause; if not, please advise. Please have these (or this) order to me no later than August 18, 1980. Mail it to the Uvalde County Courthouse.

Yours truly,

/s/ JACK WOODLEY
DISTRICT JUDGE

S.W.2d 918 (Tex.Civ.App.—San Antonio 1954, no writ). *See also Walker v. Harrison*, 597 S.W.2d 913, 916 (Tex.1980).

Foremost relies strongly upon *Goff v. Tuchscherer*, 614 S.W.2d 934 (Tex.Civ.App.—Corpus Christi, 1981) in support of its argument that the trial judge's letter to counsel marked the beginning of the time periods prescribed in Rules 356 and 386. In *Goff*, as in the case before us, the trial judge announced his decision in a letter to the parties and subsequently signed an order to the same effect. Without referring to Rule 306a, the court held that the trial judge's letter constituted the "rendition" of judgment and triggered the beginning of the appellate time periods. The letter was brief, simply stating that the plea of privilege was overruled and requesting the preparation of an order reflecting the court's ruling.

We decline to apply the holding in *Goff* to the facts before us. To hold that the trial judge's letter to counsel in this case commenced the jurisdictional period for perfecting an appeal would be to countenance an enormous pitfall for the unwary, if not for the wary as well. We conclude that the trial judge's letter was exactly what it purported to be, and no more; i.e., an announcement to counsel of the action the court had decided to take on the motions for summary judgment, and a request that counsel for the prevailing parties prepare, pursuant to the express provisions of Rules 305 and 306a, a "written draft" of the "form of the judgment" to be "signed by the trial judge," after which the date of signing "as stated therein" would determine "the periods within which the various steps of an appeal must be taken." The resulting order of August 12, 1980, began the appellate time periods, and appellants' cost bond and transcript were thus timely filed.

The motion of Foremost to dismiss the appeal for want of jurisdiction is overruled.

Next we turn to the summary judgment granted in favor of Foremost. In its motion for summary judgment Foremost took the position that the limit of its contractual liability to appellants was fixed by carrying out the appraisal procedures specified by the insurance policy for resolving disputes between insurer and insured, which involved the appointment by each party of a competent, disinterested appraiser. The two appraisers were to select a mutually agreeable umpire if necessary to resolve differences between them; and failing agreement on an umpire, provision was made for the judicial appointment of an umpire. Foremost's motion was supported by affidavits of the court-appointed umpire, as to his determination of the amount of appellants' damages, and Foremost's claims supervisor, as to the tender of a draft for $823.93 to appellants' attorneys in payment of the appraised damages ($923.93) less the policy deductible amount ($100.00).

Appellants' opposition to Foremost's motion was supported by affidavits of the appellants, the appraiser appointed by them, and their attorney.

■ Under Tex.R.Civ.P. 166–A, the moving party has the burden of establishing that there exists no material fact issue and that he is entitled to judgment as a matter of law. "When a defendant moves for summary judgment on the basis of his affirmative defense, he must, therefore, conclusively prove all essential elements of that defense." *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972).

Foremost contends that appellants' cause of action is conclusively defeated by summary judgment proof that the appraisal provisions of the insurance policy were fully complied with by it, and that it has tendered to appellants $823.93, the full amount of compensation they were entitled to receive. Appellants, on the other hand, contend the summary judgment proof reveals the existence of genuine issues of material fact with respect to whether the appraisal provisions of the policy were carried out in accordance with the contract.

■ We are required to view the summary judgment proof in the light most favorable to appellants and to resolve against Foremost any doubt as to the existence of a

genuine issue of material fact. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952).

In his affidavit in support of the motion for summary judgment, Winters, the court-appointed umpire, stated that "after my inspection of the mobile home . . . I made determination of the costs of repairs . . . and those amounted to . . . $923.93." Winters' affidavit makes no reference to either of the appraisers appointed by the parties, or to any differences between them, although the concurrence of Foremost's appraiser, Eaton, is endorsed upon Winters' written estimate of July 31, 1979. There is no affidavit of Eaton in the record. The affidavit of Foremost's claims supervisor, Baumann, reflects that he forwarded a proof of loss in the amount of $823.93 to appellants' attorney on September 17, 1979, requesting that it be signed and returned to facilitate payment of that amount to appellants. The affidavit states further that the proof of loss was not returned, and that on January 22, 1980, Baumann caused a draft in that same amount to be forwarded to appellants' attorney.

The affidavit of Drew, the appraiser appointed by appellants, asserts that when he met with Foremost's appraiser, Eaton, for the first time, Drew's estimate of the cost of repairs was $7,000.00 to $7,500.00 and Eaton's was $1,800.00 to $2,000.00. Drew states that he and Eaton then agreed that William Greenslade should serve as umpire to settle their dispute. Subsequently, however, Foremost applied for the judicial appointment of an umpire. After the court appointed Winters as umpire to resolve the difference between Drew and Eaton, Drew avers that he went to appellants' mobile home to meet with Eaton and Winters; that Eaton and Winters were there when he arrived; that he was told that Winters had already met with Furr, a representative of Foremost; that Winters did not obtain a written appraisal from Drew; and that Winters made no attempt to determine or resolve the dispute between Drew and Eaton. Appellants' attorney, Britt, asserts in his affidavit in opposition to Foremost's motion that he is familiar with both Eaton and Foremost as a result of having been in the insurance business for eight years before becoming an attorney; that he knows Eaton has a continuing business relationship with Foremost and Furr, and is regularly employed to effect repairs for Foremost; that Furr instructed Eaton not to agree to the designation of Greenslade as umpire; that he contacted Winters after receiving the appraisal signed by Winters as umpire and Eaton as Foremost's designated appraiser and was advised by Winters that he and Furr had "worked this out."

■ Upon reviewing the entire record before us, we find that Foremost has not established that it is entitled to judgment as a matter of law. The summary judgment proof, when viewed in the light most favorable to appellants, reveals the existence of genuine issues of material fact with respect to whether the contractual appraisal procedure relied upon by Foremost to defeat appellants' claim was complied with fully, fairly, and without undue influence by Foremost upon the result thereof. As to the summary judgment granted to Foremost, therefore, we reverse the judgment of the trial court.

Crestview also moved for, and was granted, a summary judgment. Appellants' pleadings charged Crestview with, *inter alia*, making negligent plumbing repairs on appellants' mobile home "on or about June 28, 1977." Crestview's motion for summary judgment, and the affidavit of its division manager in support of the motion, simply deny that Crestview performed any repairs on the mobile home "on June 28, 1977." Appellants' opposing affidavit relates facts tending to show, circumstantially, that Crestview performed repairs on the plumbing during the time in question.

■■ To prevail on its motion for summary judgment, Crestview's burden was to "establish [its] entitlement to a summary judgment . . . by conclusively proving all essential elements of [its] . . . defense as a matter of law." *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). Far from meeting that require-

ment, Crestview merely joined the issue as to whether it did or did not make negligent plumbing repairs on *one particular day.* As to the summary judgment granted Crestview, therefore, the trial court's judgment is reversed.

No appeal was taken from the granting of summary judgment in favor of Medina County Water Control and Improvement District No. 1. That portion of the trial court's judgment is, therefore, affirmed.