**Keith ASMUSSEN d/b/a Asmussen Horse Center, Appellant,**

v.

**Thomas G. WILSON, Appellee.**

No. 04–88–00496–CV.

Court of Appeals of Texas,
San Antonio.

June 14, 1989.

Rehearing Denied July 18, 1989.

Alejandro E. Villarreal, III, Person, Whitworth, Ramos, Borchers & Morales, Laredo, Donald R. Taylor, Stephan B. Rogers, Mitchell S. Rosenheim, Akin, Gump, Strauss, Hauer & Feld, San Antonio, for appellant.

James K. Jones, Jr., Mann & Jones, Laredo, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

OPINION

CHAPA, Justice.

Appellant, Keith Asmussen, d/b/a Asmussen Horse Center, sued appellee, Thomas G. Wilson, on a sworn account for labor, services, and goods provided in the care of horses owned by appellee. Appellee counterclaimed, alleging that appellant had charged him usurious interest. Appellee filed a motion for partial summary judgment on his usury counterclaim which was granted by the court in a letter which specified the court's ruling and the reason for it. After proper severance of the main cause of action, appellant appeals from this partial summary judgment.

The dispositive issue before this court is whether the trial court erred in granting the partial summary judgment. TEX.R. APP.P. 90(a). We reverse and remand.

The record reveals:

1) that the appellant and appellee have been transacting business for a number of years;

2) that an issue of fact was raised with regard to an agreement which had existed between the appellant and appellee during these years;

3) that the appellee argued and the court agreed that irrespective of and without consideration for any agreement between appellant and appellee, the partial summary judgment should be granted; and

4) that the partial summary judgment was based exclusively on the following language of an invoice submitted by appellant to appellee which the court ruled unambiguously established as a matter of law an interest-free period and a usurious charge of interest thereon:

All accounts are due and payable by the 10th of the month following date of invoice. A Finance Charge of 1-½% per month, which is an annual percentage rate of 18%, is charged on all past due accounts.

The issue, therefore, is whether the trial court erred in holding that the narrow terms of the invoice unambiguously established as a matter of law an interest free period and a usurious charge thereon, without considering any agreement or contract which might have existed between the parties throughout the years.

TEX.R.CIV.P. 166-A places the burden on the movant, in a summary judgment proceeding, to prove that there exists no material fact issue and that they are entitled to judgment as a matter of law. *Mays v. Foremost Insurance Co.*, 627 S.W.2d 230, 233 (Tex.App.—San Antonio 1981, no writ). The standard of review in a summary judgment appeal requires the reviewing court to disregard all conflicts within the evidence and accept as true the proof which tends to support the position of the party opposing the motion. *Farley v. Prudential Insurance Co.*, 480 S.W.2d 176, 178 (Tex.1972). A summary judgment should be affirmed only if the record establishes a right to the summary judgment as a matter of law. *Clutts v. Southern Methodist University*, 626 S.W.2d 334, 335 (Tex.App. —Tyler 1981, writ ref'd n.r.e.).

We take note, and the parties concede, that the invoice does not expressly state that there is an interest-free period. We will initially address the issue of whether the trial court erred in ignoring any agreement or contract the parties may have had pertaining to the entire transaction, in granting the partial summary judgment.

It is fundamental that to constitute usury there must exist an intention to exact more for the use, forbearance, or detention of money than the maximum allowed by law.... When, however, as here, the presence of usury is sought to be established by an isolated provision of an extensive contract, the true meaning of such provision must be arrived at by interpreting the language of the specific stipulation in harmony with and as a part of the dominant intent evidenced by the contract in all its parts and as a whole. It is erroneous to say that any contingency, even though within the literal words of the contract, by which the lender may get more than the lawful rate of interest, makes the contract usurious, when such contingency is evidenced only by some isolated provision of a general contract, without inquiring further to determine the real meaning of such isolated stipulation in the light of the true intention of the parties. To give arbitrary force to some separate stipulation in the contract, without further inquiry, is to depart from the master principle of construction—the ascertainment of the real intention of the parties.

While of course courts have no right to depart from the terms in which the contract is expressed to make legal what the parties have made unlawful, nevertheless when the contract by its terms, construed as a whole, is doubtful, or even susceptible of more than one reasonable construction, the court will adopt the construction which comports with legality. It is presumed that in contracting parties intent to observe and obey the law. For this reason the court will not hold a contract to be in violation of the usury laws unless, upon a fair and reasonable

interpretation of all its terms, it is manifest that the intention was to exact more interest then allowed by law. 'In short, the general rule of interpretation and construction of such contracts may be said to be that the contract is not usurious when it may be explained on any other reasonable hypothesis.' 66 C.J. p. 173.

*Walker v. Temple Trust Co.*, 124 Tex. 575, 80 S.W.2d 935, 936–37 (Tex.Comm'n App. 1935); *see also Smart v. Tower Land & Inv. Co.*, 597 S.W.2d 333, 340 (Tex.1980); *Nevels v. Harris*, 129 Tex. 190, 102 S.W.2d 1046, 1048 (1938).

■ The law clearly provides that usury will only exist when the intent of the party to exact more money than allowed by law is so clear that it overcomes the presumption that contracting parties intended to observe and obey the law. In determining this intent, the court must interpret the entire contract in all its parts and as a whole. Clearly, by ignoring any underlying contract which may have existed between the appellant and appellee, the court here did not interpret the contract in all of it's parts and as a whole, and thereby departed "from the master principle of construction—the ascertainment of the real intention of the parties." *Walker, supra*, 80 S.W.2d at 937. The court therefore erred.

■ Finally, we will address whether the trial court erred in holding that the invoice on its face unambiguously established as a matter of law an interest free period and a usurious charge thereon.

In *Preston Farm & Ranch Supply, Inc. v. Bio-Zyme Ent.*, 625 S.W.2d 295 (Tex. 1982) the Supreme Court of Texas dealt with implied contracts in fact:

> The question of whether an agreement was reached by the parties is generally a question of fact where the existence of the agreement is disputed. *Haws & Garrett General Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607 (Tex.1972); *Keesey v. Old*, 82 Tex. 22, 17 S.W. 928 (1891).
>
> \* \* \* \* \* \*
>
> A contract implied in fact is one in which, under the circumstances, the acts of the parties are such as to indicate according to the ordinary course of dealing and the common understanding of men a mutual intention to contract, as where one accepts the tendered service of another under circumstances justifying the inference that such other expected to be paid for such services.... A contract implied from the facts and circumstances in evidence is as binding as would be an expressed one.
>
> *Marr–Piper Co. v. Bullis*, 1 S.W.2d 572, 575 (Tex.Comm.App.1928, judgment adopted); *see also Haws & Garrett General Contractors, Inc. v. Gorbett Bros. Welding Co., supra*. The classic example of an implied contract from course of dealing under the Uniform Commercial Code occurs where a buyer accepts delivery of goods with knowledge that the goods were offered at a certain price; in accepting the goods the buyer impliedly agrees to pay the specified price. *See* Williston on Sales § 7–2 p. 199 (4th ed. 1973).

*Id.* at 298.

In *Coker v. Coker*, 650 S.W.2d 391 (Tex. 1983), the Texas Supreme Court defined an ambiguous contract and its effect upon a summary judgment:

> A contract, however, is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning. *Skelly Oil Co. v. Archer*, 163 Tex. 336, 356 S.W.2d 774, 778 (1962). Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *R & P Enterprises* [v. LaGuarta, Gavrel, & Kirk, Inc.] 596 S.W.2d [517] at 518 [Tex.1980]. When a contract contains an ambiguity, the granting of a motion for summary judgment is improper because the interpretation of the instrument becomes a fact issue. *See Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex.1980).

*Id.* at 393–94.

Therefore, the basic question is whether this invoice on its face is uncertain and

ambiguous as to usury or is reasonably susceptible to more than one meaning. *Coker, supra.*

In order to sustain his burden here, appellee must show that this invoice is subject only to his interpretation: that the invoice language required the first 10 days of each month to be an interest-free period, and that appellant charged interest during these first 10 days.

Appellant argues that the invoice language is subject to other reasonable interpretation, and is therefore ambiguous. Appellant contends that the other reasonable interpretations of the invoice are:

1) that since the invoice language does not expressly state that interest will not be charged during the first 10 days of the month, the parties did not intend to create an interest free period;

2) that no interest would be charged at all, if the account was paid by the 10th day of the month;

3) that the interest charge provisions on past due accounts is a late charge for not paying in a timely manner;

4) that the interest is only charged on past due accounts, which does not necessarily include the first 10 days; and

5) that if the contract of the parties as a whole, including the implied contract in fact created by the prior dealing of the parties had been considered, other interpretations would be possible.

Considering the burden upon the appellee to show no issue of fact exists, the presumption in favor of appellant and against declaring the contract usurious, the court's failure to consider the contract as a whole, and the ambiguities of the invoice language, we hold that the court erred in granting the partial summary judgment.

The judgment is reversed and the cause is remanded for trial on the merits.